[McCalla, et al. v. Louisville & Nashville R. R. Co.]

# McCalla, *et al. v.* Louisville & Nashville R. R. Co.

*Damages for Enhancing Cost of Complying With Contract.*

(Decided Nov. 25, 1909.  50 South. 971.)

1. *Limitations of Action; Applicability to Action; Blasting.*— Where blasting operations conducted by defendant caused rock to fall into the bed of the stream where plaintiffs had contracted to erect a pier for the defendant, the cause of action arose and the statute of limitations began to run against it from the time the rock fell; and the suit for the injury was not postponed until plaintiff could demonstrate their loss by completing their contract under conditions of increased difficulty and cost, since the increased cost was not the measure of plaintiff's damages, but only an element in the computation.

2. *Nuisance; Private Nuisance; Actions For.*—No action can be maintained for a private nuisance except as it affects the comfortable enjoyment of private property.

3. *Nuisance; Nature; Distinction Between Nuisance and Tort.*— The blasting of rock so as to cause it to fall in a stream where plaintiffs were to erect a pier did not constitute a nuisanse; the term "nuisance" involves the idea of continuity or recurrence of the acts causing the injury, while a tort expends its force in one act, though the injurious consequences may be of long duration.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. H. B. FOSTER.

Action by W. A. McCalla and another against the Louisville & Nashville Railroad Company. Judgment for defendant and plaintiff appeals. Affirmed.

LONDON & FITTS, for appellant.—The cause of action was not barred by the statute of limitation.—25 Cyc. 1136; *Huntsville v. Ewing,* 116 Ala. 576; *E. & P. Mfg. Co. v. Gibson,* 62 Ala. 369; *Polly v. McCall,* 37 Ala. 29; *Wright v. Moore,* 38 Ala. 593; *Roundtree v. Brantley,* 34 Ala. 544; *Sloss S. & I. Co. v. Sanford,* 48 South. 493; *R. R. Co. v. Buford,* 106 Ala. 303; Wood on Limi. sec. 178; *Smith v. City of Sedalia,* 48 L. R. A. 368.

OLIVER, VERNER & RICE, for appellee.—The action was barred by the statute of limitations.—*Snedecor v. Davis,* 17 Ala. 472; *Mardis v. Shackleford,* 4 Ala. 493; *Governor v. Gordon,* 15 Ala. 72.

SAYRE, J.—The railroad company contracted with a certain firm of railroad contractors for the construction of the Skelton Creek extension of its road. The contractors sublet a part of the work to plaintiffs, including therein the construction of a concrete pier in the bed of the Locust fork of the Warrior river. The subcontractors contracted with reference to the then condition of the bed of the river. Thereafter the defendant company caused a mass of rock to be blasted from a bluff overhanging the river, so that the detached rock fell upon the proposed site of the pier, greatly enhancing the cost of preparing the necessary foundation. This was in April or May, 1906. Plaintiff's began their efforts to secure a foundation for the pier in the latter days of August thereafter. The pier was gotten above low water in January, 1907. During February it was raised 30 and odd feet above the water. In April, 1907, it was finished. Suit was brought March 23, 1908. At the conclusion of the evidence the trial court excluded the plaintiffs' evidence and gave the general affirmative charge for the defendant. The arguments of counsel on either side indicate that this was done on the theory that plaintiff's evidence established the defendant's plea of the statute of limitation of one year. We will so consider the case.

Let it be conceded that the relation of the railroad company to the plaintiffs and to the property was such that a cause of action in favor of the plaintiffs would arise out of the defendant's act at some time. When did it arise, and when did the statute begin to run? Ap-

[McCalla, et al. v. Louisville & Nashville R. R. Co.]

pellants contend that it began to run in April, 1907, as-
signing its beginning to that time for the reason that
then the additional cost of building the pier, imposed
by the act of defendant, was first ascertainable. Defend-
ant, for its part, contends that the cause of action arose
upon the act of blasting the rock into the river. That
a cause of action accrued to plaintiffs upon the per-
formance of the act complained of does not seem to ad-
mit of serious question. Then their right was invaded.
Then the injury became certain and was finished. There
was no contingency, upon the happening or failure of
which the right of action depended. That was the mal-
feasance from which the statute must date.—*Snedicor
v. Davis,* 17 Ala. 472; *Governor v. Gordon,* 15 Ala. 72;
*Mardis v. Shackleford,* 4 Ala. 493. No sufficient reason
is suggested why the running of the statute should be
postponed to such time as the plaintiffs could demon-
strate their loss and damage by completing their con-
tract under the conditions of increased difficulty and
cost. That would make the operation of the statute to
depend upon the option of the plaintiffs, and upon their
ability to prove their damage, rather than upon the fact
that there has been an invasion of their right. But in
truth the quantum of plaintiff's damage was no more
capable of exact ascertainment after the completion of
the pier than it was immediately after the rock was
thrown into the river. The difference in the cost of con-
structing the pier under the conditions existing before
and after that event would be, not indeed the measure
of plaintiffs' damages but an element necessarily enter-
ing into the computation. In other words, whether the
suit had been brought before or after the construction
of the pier, one member of the comparison must have
been proven by inference and opinion, and without the
aid of that practical demonstration in experience which

appellants urge as a condition precedent to the running of the statute. The reason urged in behalf of appellants' contention is not only insufficient to work an exception to the general rule that the running of the statute is not delayed until plaintiff can get sufficient evidence to maintain his action, but it fails as a mere rule of convenience.

Appellants rely upon a class of cases in which the cause of action has been ruled to arise when the wrong results in an interference with the utility or enjoyment of property. They cite *Roundtree v. Brantley,* 34 Ala. 544, 73 Am. Dec. 470; *Polly v. McCall,* 37 Ala. 29, *Wright v. Moore,* 38 Ala. 593, 82 Am. Dec. 731; *Eagle & Phoenix Mfg. Co. v. Gibson,* 62 Ala. 369; *Huntsville v. Ewing,* 116 Ala. 576, 22 South. 984; *Sloss-Sheffield Co. v. Sampson,* 158 Ala 590, 48 South. 493, and *West Pratt Coal Co. v. Dorman,* 161 Ala. 389, 49 South. 849, from among cases decided in this court. Those were all cases in which damages claimed arose out of wrongs which were nuisances. In the last named of them we quoted definitions of nuisance from our antecedent cases and from Blackstone's Commentaries. In line with these definitions it may further be said that, strictly speaking, no action can be maintained for a private nuisance, except as it affects the comfortable enjoyment of private property.—*Ellis v. Kansas City, etc., R. R. Co.,* 63 Mo. 131, 21 Am. Rep. 436; *Kavanagh v. Barber,* 131 N. Y. 211, 30 N. E. 235, 15 L. R. A. 689. Certainly no definition of nuisance can be extended to the inclusion of everything done to the injury of rights of another not connected with lands, tenements, and hereditaments. There is a wide difference between tort, constituting an invasion of personal or contract right and nuisance. The former expends its force in one act, although injurious consequences may be of lasting dura-

tion.   A nuisance involves the idea of continuity or re-currence.—*S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266.   Clearly the wrong of which plaintiffs complain cannot be referred to that class of cases which they cite. As well we might classify an assault and battery as a nuisance.

In results, as we think, that appellants' right of action accrued, and the statute of limitations commenced to run, when the defendant interfered with the exercise of their right to execute their contract by causing the rock to be thrown into the river.   That was more than one year before action was brought.   The judgment of the court below is therefore affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.