Apache Express, the corporate owner/lessor of a tractor/trailer, and Jerry O'Neal, the driver of the tractor/trailer, appeal from a jury verdict and judgment of $50,000 rendered against them and in favor of Rebecca Hatton and her husband, W.J. Hatton, for injuries sustained by Mrs. Hatton when the car in which she was driving collided with the rear end of the parked tractor/trailer. The Hattons also appeal, contending the court erred in several respects including the failure of the court to charge the jury that O'Neal was an agent of Chem-Haulers as a matter of law.
On November 10, 1977, around midnight, Mrs. Hatton, while driving her 1977 Vega station wagon, collided with the left rear wheels of a tractor/trailer truck parked partly on the shoulder and on the pavement of Franklin County Road 48.
The tractor/trailer was parked in a well-lit area which contained overhead vapor lights. It also had all marker lights and four-way flashers on. Testimony by a police officer who investigated the accident was to the effect that the road was well lit and a person driving in the direction in which Mrs. Hatton was driving would have had good visibility.
Mrs. Hatton remembers nothing of the impact of her Vega with the tractor/trailer, and has no memory of anything about the accident.
The tractor/trailer involved in the accident was being driven by Jerry O'Neal pursuant to a trip lease between the owner of the tractor/trailer, Apache, and the lessee, Chem-Haulers. O'Neal was to haul a load of silicone for Chem-Haulers from Selma to Russellville.
Upon arrival in Russellville, O'Neal found the plant where he was to unload closed. He parked the tractor/trailer partly on the shoulder of the road and partly on the roadway itself. This road was asphalt surfaced with two lanes. O'Neal left to tell the guard at the plant that he was going to get *Page 952 
something to eat and would be back. At this time the collision occurred which injured Mrs. Hatton.
The Hattons sued Apache, O'Neal and Lee Meacham along with certain fictitious defendants. The complaint charged these defendants with negligence and wantonness in the parking of the tractor/trailer on a public road. Meacham was dismissed as a party.
Apache contended that Mrs. Hatton was contributorily negligent and that Chem-Haulers had sole control over O'Neal at the time and place of the collision. In its answer, Chem-Haulers denied that O'Neal was its agent, servant or employee, and that Chem-Haulers had no control over O'Neal's actions.
At trial the Hattons attempted to prove that O'Neal was the agent of both Apache and Chem-Haulers. Evidence was presented with respect to negligence, contributory negligence, agency and damages. At the conclusion of the Hattons' evidence, Apache and Chem-Haulers filed written motions for directed verdicts. The trial court granted these motions but only as to the wanton misconduct claim.
Written requests for jury instructions were filed. Certain of Apache's requested instructions were refused by the court. Apache objected to this refusal. Chem-Haulers also objected to the court's refusal to give its requested jury charges.
The jury returned a verdict against O'Neal and Apache. Both Apache and the Hattons filed alternative motions for judgment notwithstanding the verdict or new trial. O'Neal also filed a motion for new trial.
The trial court denied all motions. O'Neal and Apache appeal from the verdict against them and the Hattons appeal the judgment in favor of Chem-Haulers and the order denying them a motion for new trial.
The Hattons' first contention of error is that the trial court erred in overruling their motion that their requests for admissions be admitted due to Chem-Haulers' failure to respond within the time frame stipulated by the trial court. This assertion is based upon Rule 36 (a), ARCP, which states:
 * * * The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him. * * *
And Rule 36 (b), ARCP, states:
 * * * Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *
Whether the failure to respond admits the matter contained in the request for admissions is discretionary with the trial court. This Court has stated in Evans v. Insurance Co. of NorthAmerica, 349 So.2d 1099 (Ala. 1977):
 * * * That such discretion exists under Rule 36 (b) is established not only by the language of that rule
 * * * the court may permit withdrawal or amendment when the presentation of the merits of the action will be sub-served thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits . ..
 but by the federal precedents calling for the exercise of that discretion even in the absence of a motion, withdrawal or amendment. French [v. U.S., 416 F.2d 1149 (C.A. 9th)], [United States v.] Cannon, [363 F. Supp. 1045] and Pleasant Hill [Bank v. United States, 60 F.R.D. 1 (D.C. Mo)], supra. This position does not run counter to our recent decision in Billingsley v. Gordon, 340 So.2d 743 (Ala. 1976), because the majority opinion dealt with the failure of the trial judge to comply with Rule 56 (c), ARCP. *Page 953 
 No hard and fast rule can be adopted in these instances. A ten-day failure may, indeed, cause a delay which works to the prejudice of the requesting party. On the other hand, a ten-month failure may result in no prejudice at all. The question, then, is not whether the party requested has proved extenuating circumstances as an excuse for his delay; it is whether the requesting party has been prejudiced by any delay caused by the failure to respond. This is the issue addressed to the trial court, and the issue addressed to this Court is whether, in the exercise of his discretion, the trial court has abused that discretion.
349 So.2d at 1103.
We find that the trial court has not abused its discretion. An examination of the record reveals that the attorney for the Hattons moved that the requests for admissions be admitted because of Chem-Haulers' failure to respond within the time required. Chem-Hauler's reply, to this motion, was that the matters contained in the request for admissions had already been denied at pre-trial conference. The trial court then overruled the Hattons' motion. In light of the above, we find there has been no showing that the Hattons have been sufficiently prejudiced for us to find that the trial court abused its discretion.
The Hattons also contend that the trial court erred in submitting the question of whether or not O'Neal was the agent of Chem-Haulers to the jury when this issue was properly one of law for the court to determine.
An agency relationship depends upon the right of control by the principal over his agent. Wood Chevrolet Co. v. Bank of theSoutheast, 352 So.2d 1350 (Ala. 1977). Furthermore, whether one is the agent of another is normally a question of fact for the jury. Cashion v. Ahmad, 345 So.2d 268 (Ala. 1977). The trial court, in submitting this issue to the jury, obviously decided, contrary to the Hattons' assertions, that the evidence was in conflict and the matter was one for jury determination.
It is true, as the Hattons contend, that O'Neal stated he was under Chem-Haulers' control at the time of the accident. However, an examination of the trip lease reveals that Apache was responsible for taxes, maintenance, fuel and workmen's compensation of the driver. It also provided that Apache would indemnify Chem-Haulers for any claim arising from bodily injury to the driver or damage to the cargo. The trip lease further required Apache to pay O'Neal's salary. It is thus apparent that a conflict of evidence exists concerning whose control O'Neal was under. We find that the trial court properly submitted the issue of O'Neal's agency to the jury.
Apache also contends that it was entitled to a jury instruction in accordance with its theory that the making and the performance of the trip lease placed Chem-Haulers and not Apache in control of the tractor/trailer at the time of the collision.
In support of this contention, Apache asserts that there was evidence which showed that: (1) O'Neal had placed both himself and the tractor/trailer under Chem-Haulers' control without any right of control reserved in Apache; (2) Chem-Haulers had exercised this control; and (3) the trip lease incorporated federal regulatory provisions which provide that the lessee has exclusive possession, control and use of the equipment.
The following is the pertinent part of the jury instruction given by the trial court:
 Now, in this case, you have something which we call agency. Now, I will charge you that, of course, in this case you have three defendants and the driver of the vehicle, which you have heard and is one of the defendants and for either of the other defendants to be found guilty of negligence, you would have to find that the driver of the vehicle was guilty of negligence and that he was the agent or employee of one of the other defendants and the law is that if a person has an agent and that the agent within the line and scope of his employment does a negligent act, then the principal is held liable in that regard. *Page 954 
 Now, agency is a condition existing between two persons in that one is the principal and the other is the agent. There may be an expressed agreement between the parties creating this condition or you are entitled to look at all the facts and evidence concerning agency to determine if there was agency
and if so, who, of course, was the principal of the agent and, of course, who the agent was.
 Now the criteria to be looked at or for is who has the supreme choice, control, and discretion of the agent. Who has the direction of the agent and whose will the servant or agent represents, not merely the ultimate result but in all of its detail. For a person to be an agent, the other party or principal must retain or have the right to direct the manner in which the business undertaken shall be done as well as the result to be accomplished and, of course, in the consideration of agency, you can consider all the evidence, which has been introduced concerning that question and I will charge you that it is possible, of course, for there to be multiple agents or there can be multiple principals in control of one agent. [Emphasis added.]
The trial court instructed the jury to consider all the facts and evidence in its determination of the agency issue. This charge necessarily encompasses the evidence concerning the trip lease and I.C.C. regulations as they pertain to the agency issue. The trial court's failure to give Apache's requested charges was, therefore, not reversible error.
Apache contends that Mrs. Hatton was contributorily negligent as a matter of law and that the trial court was in error in submitting this issue to the jury. The factors cited by Apache in support of this contention are that Mrs. Hatton had sufficient room in which to pass the parked tractor/trailer and that her vision was unobstructed.
Contributory negligence requires a finding that the party charged has (1) knowledge of the condition; (2) an appreciation of the danger under the surrounding circumstances, and (3) a failure to exercise reasonable care by placing oneself in the way of danger. State Farm Mutual Auto Ins. Co. v. Dodd,276 Ala. 410, 162 So.2d 621 (1964); Mackintosh Co. v. Wells,218 Ala. 260, 118 So. 276 (1978).
The burden of proving contributory negligence and that it proximately caused the injury is on the defendant, and a determination of the existence of contributory negligence is for the jury where there is a scintilla of evidence to the contrary. Elba Wood Products, Inc. v. Brackin, 356 So.2d 119
(Ala. 1978).
The question of whether the plaintiff is guilty of contributory negligence is a matter of law, and therefore one for the court to decide, only when the facts are such that all reasonable people must draw the same conclusion, and the question is for the jury when, under all the facts and circumstances, reasonable minds may fairly differ upon the question of negligence vel non. Elba Wood Products, Inc. v.Brackin, supra; Baptist Medical Center v. Byars, 289 Ala. 713,271 So.2d 847 (1973).
Under all the evidence in this case we find that whether Mrs. Hatton had knowledge and an appreciation of the danger under the surrounding conditions and circumstances and whether she exercised reasonable care were questions properly submitted to the jury. It must be remembered that:
 It is fundamental in Alabama law that on appeal the Court does not weigh the evidence regarding its reasonably satisfying effect on the issue tendered, but rather indulges all favorable presumptions to sustain the trial court's conclusion . . . unless it is plainly erroneous or manifestly unjust.
Elba Wood Products, Inc. v. Brackin, 356 So.2d 119, 123 (Ala. 1978). *Page 955 
The judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX,[1] FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
[1] Listened to tapes of oral arguments.