500 So.2d 1027 (1986)
Mary BANKS, as Administratrix of the Estate of Brenda Marie Gaskin, Deceased
v.
Donna McGugin HARBIN, et al.
84-725.
Supreme Court of Alabama.
October 3, 1986.
As Modified on Denial of Rehearing December 5, 1986.
*1028 G. Barker Stein, Jr., and James E. Smith of Reid, Stein & Smith, Fairhope, for appellant.
John B. Richardson and David Scott Wright of Brown, Hudgens, & Richardson, Mobile, for appellee Donna Harbin.
Fred W. Killion and Patricia K. Olney of Reams, Vollmer, Philips, Killion, Brooks & Schell, Mobile, for appellee Stephen Zobrist.
Cooper C. Thurber and J.P. Courtney III of Lyons, Pipes & Cook, Mobile, for appellees Atilio Corte, Sr., Ferdinand A. Corte, Julio Corte, Sr., Adelle M. Corte and A.A. Corte & Sons, a partnership.
TORBERT, Chief Justice.
Plaintiff appeals from a judgment for all defendants[1] in her wrongful death action; the judgment was entered pursuant to a jury verdict. The plaintiff is the administratrix of the estate of Brenda Marie Gaskin. Gaskin was a passenger in the lead car of an eight-car collision on U.S. Highway 98 north of Fairhope. This case was consolidated for trial with the wrongful death action filed in behalf of the estate of the driver of that car. The administrators of the driver's estate did not appeal.
The eight-car collision occurred in the early morning hours of January 15, 1981. It occurred in a low spot in the road which had become permeated with a heavy fog. The plaintiff introduced testimony from several witnesses that they had smelled smoke mixed in with the fog at or near the time the collision occurred. The plaintiff's complaint named each of the drivers of the other seven cars, alleging negligence on the part of each one. The complaint also alleged negligence on the part of A.A. Corte & Sons, a partnership, and each individual partner ("the Corte defendants"), for allowing the smoke from a "controlled burn" they conducted the day before to obstruct vision on the highway. In amendments to the complaint, the plaintiff also alleged that the defendants failed to warn motorists of the surrounding conditions and that the Corte defendants had created a nuisance by allowing smoke to obstruct vision on the highway. Following the lengthy trial of this case, the jury returned a verdict in favor of all the defendants, and the plaintiff appeals. We reverse.
The plaintiff contends that the trial court erroneously failed to grant her a directed verdict on the defendants' affirmative defenses. Each of the defendants in this case answered the complaint with the affirmative defenses of contributory negligence and assumption of risk.[2] At the close of all the evidence, the plaintiff made an oral motion for "partial summary judgment" (which has been treated as a motion for *1029 directed verdict) on the defendants' affirmative defenses, which was denied by the trial court. The plaintiff contends that the defendants did not meet their burden of proof on the issues of contributory negligence and assumption of risk, and that she was therefore entitled to a directed verdict on those issues.
The plaintiff's decedent was a passenger in a car in which both she and the driver were killed. Because of this fact, the defendants could not offer any specific evidence that indicated what actions the plaintiff's decedent took just prior to the accident. The defendants contend that all the surrounding circumstances are sufficient to provide a scintilla of evidence that the plaintiff's decedent was contributorily negligent. They point to the facts that numerous cars had pulled off onto the side of the road rather than continuing through the fog; that the plaintiff's decedent could have been aware of the "heavy fog" advisory that had been issued; and that the plaintiff's decedent could have assisted the driver in driving through the fog.
We initially note that the negligence of a driver may not be imputed to a passenger unless there is some evidence that the passenger had some authority over the car's movements. Coulter v. Holder, 287 Ala. 642, 645, 254 So.2d 420, 422 (1971). The defendants do not contend that the plaintiff's decedent exercised any authority over the car; therefore, any negligence of the driver would be immaterial to the issue of whether plaintiff's decedent was contributorily negligent. However, it is also clear that a passenger is not absolved from the duty of maintaining personal care for his own safety, but instead has a duty to exercise all reasonable or ordinary care to avoid injury. Hamilton v. Browning, 257 Ala. 72, 77, 57 So.2d 530, 534 (1952). The burden of proving that the plaintiff's decedent did not exercise reasonable care for her own safety, and thus was contributorily negligent, was on the defendants. See generally, Hatton v. Chem-Haulers, Inc., 393 So.2d 950, 954 (Ala.1981); Mackintosh Co. v. Wells, 218 Ala. 260, 264, 118 So. 276, 279 (1928).
We do not believe that the "facts" relied on by the defendants are sufficient to support the finding of even a scintilla of evidence that the plaintiff's decedent was contributorily negligent. Those facts more closely related to what the driver apparently did in response to the situation. There is no evidence that shows what the passenger did or did not do. To say that the actions of the driver create a scintilla of evidence that the passenger was contributorily negligent would in effect allow the driver's contributory negligence to be imputed to the passenger. While it is true that the deaths of the driver and passenger hamper the defendants' efforts to prove what transpired in the car, the fact remains that in order to warrant a charge on contributory negligence, the defendants must produce some evidence that raises an inference of contributory negligence by the passenger. Because the defendants did not produce any evidence concerning the actions of plaintiff's decedent, the plaintiff was entitled to the directed verdict on the affirmative defenses.
While it is not necessary to our holding, we note that the facts as averred in this case do not meet the requirements of a nuisance cause of action. Under Code 1975 § 6-5-120 (which codified the common law of nuisance; see Duncan v. City of Tuscaloosa, 257 Ala. 574, 60 So.2d 438 (1952)) and McCalla v. Louisville & N.R. Co., 163 Ala. 107, 50 So. 971 (1909), the term "nuisance" involves the idea of recurrence of the acts causing the injury. As this Court stated in McCalla, "There is a wide difference between tort, constituting an invasion of personal and contract right, and nuisance. The former expends its force in one act, although injurious consequences may be of lasting duration. A nuisance involves the idea of continuity or recurrence." 163 Ala. at 110-11, 50 So. at 972. The Corte defendants' "controlled burn" was not a recurring act.
Since the trial court erroneously failed to grant the plaintiff a directed verdict on the *1030 defendants' affirmative defenses, we reverse and remand.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
ON APPLICATIONS FOR REHEARING
TORBERT, Chief Justice.
In their applications for rehearing, appellees assert for the first time that this Court was precluded from reviewing the trial court's denial of the appellant's motion for directed verdict because the appellant never made a motion for judgment notwithstanding the verdict. As this Court has stated before, "An application for rehearing on [a] ground not argued or suggested until after our judgment was rendered cannot be now considered." Kirkland v. Kirkland, 281 Ala. 42, 49, 198 So.2d 771, 777 (1967).
We note that if the appellant had moved for JNOV on the appellees' defense of contributory negligence, it would have been erroneous for the trial judge to have granted JNOV.
OPINION EXTENDED AND MODIFIED.
APPLICATIONS OVERRULED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
NOTES
[1] Plaintiff's appeal against one defendant, Bobby LeFoy Champion, was dismissed by this Court, since plaintiff did not appeal until more than 42 days after the judgment based on Champion's directed verdict was made final under Rule 54(b), A.R.Civ.P. See Rule 4(a)(1), A.R. A.P. Therefore, our decision is not applicable to Champion.
[2] One of the defendants was allowed by the trial court at the close of all the evidence to amend his answer to include the affirmative defense of assumption of risk.