The sole question in these consolidated wrongful death claims is whether the trial court erred to reversal by charging the jury on the defense of contributory negligence. We hold that it did not.
James E. Lewis, Jr., filed suit for the death of Robert Dean Lewis, his son. James D. Seagle filed suit for the death of his daughter, Amy Denise Seagle. Both actions named Sears, Roebuck Company and William B. Ingle, a Sears salesperson, as defendants.
About six months after Mr. Lewis purchased an automobile for his son Robert, he became aware of a muffler problem. Mr. Lewis took the automobile to Sears and claims he told the Sears representative "to repair everything that needed repair so that the car would be safe." Sears claims Mr. Lewis told them to repair only the muffler, and that he would take care of the tailpipe. The receipt given to Mr. Lewis did not reflect whether he had been told by either Mr. Ingle or Lorine Williams, the mechanic, that he needed a tailpipe.
Approximately five weeks later, a police officer found Robert and Amy slumped over in the back seat of the automobile, dead. The engine was running and all of the windows were "rolled up" except for a partially "rolled down" window in the rear door on the driver's side. The weather was cold and windy that night, in the "low 20's." The police officer could not remember finding fumes or smoke in the car when he arrived at the scene, but testified that later, when he drove the automobile, he detected exhaust smoke.
Jerome Tift, a pathologist for the Jefferson County coroner-medical examiner's office, examined the bodies and found that the two 17-year-olds had died from carbon *Page 713 
monoxide poisoning. He further was of the opinion that the source of the exhaust fumes and carbon monoxide poisoning was the tailpipe, because it was "too short."
The trial court instructed the jury on the defense of contributory negligence with regard to Mr. Lewis, Robert, and Amy. The issue before this Court, however, involves only the alleged contributory negligence of Robert and Amy.[1] The evidence offered by the defendants to support their claim of contributory negligence includes the fact that the rear window of the automobile was partially lowered; testimony by Dr. Tift and Sgt. Thornton that the appearance and odor of exhaust fumes was obvious when operating the automobile; and evidence that an extension had been added to the tailpipe.
"Contributory negligence [where the plaintiff is alleged to have assumed the consequences of placing himself into a dangerous position] requires a finding that the party charged has (1) knowledge of the condition; (2) an appreciation of the danger under the surrounding circumstances, and (3) a failure to exercise reasonable care by placing oneself in the way of danger. State Farm Mutual Auto. Ins. Co. v. Dodd, 276 Ala. 410,162 So.2d 621 (1964); Mackintosh Co. v. Wells, 218 Ala. 260,118 So. 276 (1928)." Hatton v. Chem-Haulers, Inc.,393 So.2d 950, 954 (Ala. 1980). See, also, Cooper v. Bishop Freeman Co.,495 So.2d 559 (Ala. 1986). In Alabama the question of contributory negligence must be submitted to the jury "if the evidence or the reasonable inferences arising therefrom furnish a mere 'gleam', 'glimmer', 'spark', 'the least particle', 'the smallest trace', or 'a scintilla' in support of the theory."Dean v. Mayes, 274 Ala. 88, 145 So.2d 439 (1962) (citingAlabama Great Southern R.R. v. Bishop, 265 Ala. 118,89 So.2d 738 (1956)."
The burden of proving contributory negligence and that it proximately caused the injury is on the defendant, and a determination of the existence of contributory negligence is for the jury where there is any credible evidence to the contrary. "Unless the evidence bearing upon this issue is entirely free of doubt or adverse inference, this question must be submitted to the jury for decision, under proper instructions by the court." Hatton, supra, citing Elba WoodProducts, Inc. v. Brackin, 356 So.2d 119 (Ala. 1978). See, also,Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240
(1945); Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77
(1921).
The question, then, is, did the testimony or the inferences from the testimony at trial provide a scintilla of evidence in support of the defendants' affirmative defense of contributory negligence, i.e., could reasonable minds fairly infer from the evidence presented that Robert and Amy 1) knew of the condition; 2) appreciated the danger; and 3) with such knowledge and appreciation, failed to exercise reasonable care by placing themselves in the way of danger? Hatton, supra.
We answer this question in the affirmative. Given the officer's testimony that he detected exhaust fumes while driving the car, the jury could reasonably infer from the lowered window that one or both of the minors smelled the fumes, recognized the danger, and lowered the window, and that their presence in the idling automobile under these circumstances constituted negligence which proximately contributed to their deaths. Accordingly, it was not error for the trial court to charge the jury on the defense of contributory negligence. The judgment of the trial court is affirmed.
AFFIRMED. *Page 714 
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
[1] Unquestionably, as the parties recognize, the conflicting evidence with respect to Mr. Lewis's instructions to Sears for the replacement and repair of the muffler and tailpipe raised a factual issue which was appropriately submitted for the jury's resolution. Because the jury returned a general verdict in each case, however, we cannot speculate whether the jury found for the defendants on their defense of the general denial, their affirmative defense of contributory negligence on the part of Mr. Lewis, or their affirmative defense of contributory negligence on the part of the two deceased minors. Thus, if the evidence is insufficient for submission to the jury on the contributory negligence defense as to Robert and Amy, the judgments must be reversed and the causes remanded for a new trial.