521 So.2d 960 (1988)
Mary BANKS, administratrix of the Estate of Brenda M. Gaskin, deceased
v.
Atilio I. CORTE, Sr., et al.
86-942.
Supreme Court of Alabama.
February 19, 1988.
G. Barker Stein, Jr., of Reid, Stein, Smith & Bass, Fairhope, for appellant.
Cooper C. Thurber and J.P. Courtney III of Lyons, Pipes & Cook, Mobile, and Norborne C. Stone, Jr., of Stone, Partin, Granade & Crosby, Bay Minette, for appellees.
MADDOX, Justice.
This case involves an accident that occurred on January 15, 1981. On that day, Brenda Marie Gaskin was a passenger in a vehicle driven by Minnie Lee Jones. The Jones vehicle was the lead car in an eight-car collision on U.S. Highway 98 north of Fairhope. The collision occurred in the early morning hours in a low spot in the road that had become permeated with a heavy fog. Mary Banks, as administratrix of the estate of Brenda Marie Gaskin, introduced the testimony of several witnesses who said that they had smelled smoke mixed in with the fog at or near the time the collision occurred. A.A. Corte & Sons had conducted a "controlled burn" the day before the accident, near U.S. Highway 98.
This is the second time this case has been before this Court. See Banks v. Harbin, 500 So.2d 1027 (Ala.1986). Mary Banks originally sued each of the drivers of the other seven cars, alleging negligence on the part of each one. In her complaint she also alleged negligence on the part of A.A. Corte & Sons, a partnership, and each individual partner (the "Corte defendants"), *961 for allowing the smoke from the "controlled burn" they conducted the day before to obstruct vision on the highway. At the conclusion of the first trial, the jury returned a verdict in favor of all the defendants. Banks appealed from the judgment entered on that jury verdict. This Court reversed and remanded the case for a new trial, holding that there was not sufficient evidence upon which to charge the jury as to Gaskin's contributory negligence. This Court also stated:
"While it is not necessary to our holding, we note that the facts as averred in this case do not meet the requirements of a nuisance cause of action. Under Code 1975. 6-5-120 (which codified the common law of nuisance; see Duncan v. City of Tuscaloosa, 257 Ala. 574, 60 So.2d 438 (1952)) and McCalla v. Louisville & N.R. Co., 163 Ala. 107, 50 So. 971 (1909), the term `nuisance' involves the idea of recurrence of the acts causing the injury. As this Court stated in McCalla, `There is a wide difference between tort, constituting an invasion of personal and contract right, and nuisance. The former expends its force in one act, although injurious consequences may be of lasting duration. A nuisance involves the idea of continuity or recurrence.' 163 Ala. at 110-11, 50 So. at 972. The Corte defendants' `controlled burn' was not a recurring act."
500 So.2d at 1029.
After this Court reversed, Banks filed a motion for leave to amend the nuisance count of her wrongful death action. The proposed amendment designated a series of controlled burns performed by Corte on January 12, 13, and 14, 1981, in the vicinity of U.S. Highway 104 and State Highway 98 and Parker Road in Baldwin County. The trial court granted the motion, and Banks amended her complaint. On December 30, 1986, the Corte defendants filed a motion for summary judgment on the nuisance count of the complaint. Banks then filed a motion in opposition to the Corte defendants' motion for summary judgment, and a motion for recusal. The motion for recusal was denied by the trial judge after he heard arguments on it. The trial court granted the summary judgment. Banks appeals from that judgment.
Banks presents two issues on appeal: (1) whether the trial court erred when it granted summary judgment in favor of the Corte defendants on the nuisance cause of action; and (2) whether the trial court erred in denying Banks's motion for recusal.

I
As we previously stated, in the first appeal of this case, the facts as averred in the original complaint were insufficient to state a cause of action for nuisance. We then stated that "the term `nuisance' involves the idea of recurrence of the acts causing the injury" and that "A nuisance involves the idea of continuity or recurrence." 500 So.2d at 1029. This Court held that the "controlled burn" was not a recurring act. After this Court's order reversing the case, Banks filed a motion for leave to amend the nuisance count of her complaint, which the trial court granted. In the amendment to the complaint, Banks alleged that the Corte defendants were engaged in a series of controlled burns, including controlled burns on January 12, and 13, 1981, as well as on January 14.
This Court has also stated regarding nuisances:
"Any establishment erected on the premises of the owner, though for the purpose of trade or business lawful in itself, which, from the situation, the inherent qualities of the business, or the manner in which it is conducted, directly causes substantial injury to the property of another, or produces material annoyance and inconvenience to the occupants of adjacent dwellings, rendering them physically uncomfortable, is a nuisance. In applying this principle, it has been repeatedly held, that smoke, offensive odors, noise or vibrations, when of such degree or extent as to materially interfere with the ordinary comfort of human existence, will constitute a nuisance."

Dixie Ice Cream Co. v. Blackwell, 217 Ala. 330, 332, 116 So. 348, 349 (1928), quoting *962 from Hundley v. Harrison, 123 Ala. 298, 26 So. 295 (1898).
We are of the opinion that the fact that the Corte defendants conducted "controlled burns" on January 12 and 13 in the vicinity of the "controlled burn" of January 14 is not such evidence of "continuity or recurrence of the nuisance," to change the result of our original holding. The record reveals that these fires were extinguished prior to the January 14 fire. We also note that at the time of the accident, the road had become covered with a heavy fog so that witnesses at the accident could see no further than ten feet. It is our opinion, based upon the record before us and the applicable portions of the record in the previous appeal, that, as a matter of law, these "controlled burns" were not of such a degree, extent, or duration that they materially interfered with the ordinary comfort of human existence. We believe that the trial court correctly granted summary judgment on the nuisance cause of action.

II
Canon 3 C, Alabama Canons of Judicial Ethics, reads:
"C. Disqualification:

"(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
"(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
"(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
A judge should recuse himself "if he has any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit." Ross v. Luton, 456 So.2d 249, 254 (Ala.1984). Prejudice on the part of the judge is not presumed, Wells v. Wells, 346 So.2d 442 (Ala.Civ.App.1977), and the burden is on the moving party to prove that the judge is biased, Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979). A mere accusation of bias, unsupported by substantial fact, does not require disqualification of a judge. Ross v. Luton, supra. "Adverse rulings during the course of the proceedings are not by themselves sufficient to establish bias or prejudice." Matter of Sheffield, 465 So.2d 350, 357 (Ala. 1985).
Banks alleged nine acts of the trial judge that he claimed at trial, and argues here, showed the judge's bias and prejudice. These alleged acts are: that the judge threatened to continue the case to insure Banks's acquiescence in matters not properly complied with by the Corte defendants; that the judge improperly imputed contributory negligence to the passenger in a jury charge; that the judge refused to give a specific duty-to-warn-of-hazard instruction, as Banks requested; that the judge improperly commented upon the evidence by saying "the" controlled burn rather than "a" controlled burn in a jury charge; that the judge did not allow Banks to introduce the terms of a settlement entered into by and between Harbin, an injured party, and the remaining defendants; that the judge mischaracterized a rebuttal witness's testimony concerning visibility; that the judge changed his mind about the possibility of submitting separate verdict forms with respect to damages to be assessed against each defendant; that the judge may have lost his patience with Banks when she suggested that the handling of her motion to amend the complaint on a crowded motion docket should be recorded by a court reporter; and that the foregoing errors were pervasive and predominantly the result of bias, prejudice, and partiality toward the defendants.
We have examined these arguments and believe that they are all adverse rulings rendered during the course of the proceedings and are not by themselves sufficient to establish bias or prejudice. Matter of Sheffield, supra. After carefully examining *963 these arguments, we are of the opinion that the allegations of bias and prejudice are not supported by any facts, much less by substantial facts. Nothing indicates that the trial judge should have recused himself under the Canons of Judicial Ethics.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., dissents.
BEATTY, Justice (dissenting).
In the previous appeal arising from this case, this Court, quoting from McCalla v. Louisville & N.R. Co., 163 Ala. 107, 110-11, 50 So. 971, 972 (1909), stated that "`[a] nuisance involves the idea of continuity or recurrence.'" Banks v. Harbin, 500 So. 2d 1027, 1029 (Ala.1986). We further stated, in dicta, that "[t]he Corte defendants' `controlled burn' was not a recurring act." (Emphasis added.) Id. On retrial of this case, the plaintiff amended her complaint to allege that a series of controlled burns was performed by Corte on January 12, 13, and 14, 1981, in the vicinity of U.S. Highway 98 and state highway 104 and Parker Road in Baldwin County. The trial court granted summary judgment in favor of Corte as to the plaintiff's amended claim of nuisance. Apparently, it was uncontroverted that Corte conducted these controlled burns.
Nevertheless, the majority holds as a matter of law that these burns did not constitute a "continuity or recurrence of the nuisance." Query: How many burns are required to have occurred before they can be considered "continuous" or "recurring"? I submit that, if we accord these terms their plain and ordinary meaning, see Webster's II New Riverside University Dictionary (1984) at 309 and 984, which we are required to do absent a controlling legal meaning, anything more than two burns in a daily succession is sufficient to present to the jury the question of whether the alleged conduct constituted a nuisance.
Seemingly in support of its determination that the three successive burns did not constitute a nuisance, the majority states that the fires on January 12 and 13 "were extinguished prior to the January 14 fire" and that "at the time of the accident, the road had become covered with a heavy fog so that witnesses at the accident could see no further than ten feet." Assuming these facts are uncontroverted, they do not, however, serve to defeat plaintiff's claim as a matter of law. There was evidence that smoke was mixed in with the fog, because several witnesses smelled smoke. Furthermore, the fact that all the fires in question were extinguished prior to the accident does not give rise to the presumption that all smoldering and/or emission of smoke had also ceased, or that all of the smoke produced by the fires had completely dissipated. Unquestionably, these facts go to the issue of causation, but on this record, that issue is for the jury.