In the previous appeal arising from this case, this Court, quoting from McCalla v. Louisville N.R. Co., 163 Ala. 107, 11011, 50 So. 971, 972 (1909), stated that " '[a] nuisance involves the idea of continuity or recurrence.' " Banks v.Harbin, 500 So.2d 1027, 1029 (Ala. 1986). We further stated, in dicta, that "[t]he Corte defendants' 'controlled burn' was not a recurring act." (Emphasis added.) Id. On retrial of this case, the plaintiff amended her complaint to allege that a series of controlled burns was performed by Corte on January 12, 13, and 14, 1981, in the vicinity of U.S. Highway 98 and state highway 104 and Parker Road in Baldwin County. The trial court granted summary judgment in favor of Corte as to the plaintiff's amended claim of nuisance. Apparently, it was uncontroverted that Corte conducted these controlled burns.
Nevertheless, the majority holds as a matter of law that these burns did not constitute a "continuity or recurrence of the nuisance." Query: How many burns are required to have occurred before they can be considered "continuous" or "recurring"? I submit that, if we accord these terms their plain and ordinary meaning, see Webster's II New RiversideUniversity Dictionary (1984) at 309 and 984, which we are required to do absent a controlling legal meaning, anything more than two burns in a daily succession is sufficient to present to the jury the question of whether the alleged conduct constituted a nuisance.
Seemingly in support of its determination that the three successive burns did not constitute a nuisance, the majority states that the fires on January 12 and 13 "were extinguished prior to the January 14 fire" and that "at the time of the accident, the road had become covered with a heavy fog so that witnesses at the accident could see no further than ten feet." Assuming these facts are uncontroverted, they do not, however, serve to defeat plaintiff's claim as a matter of law. There was evidence that smoke was mixed in with the fog, because several witnesses smelled smoke. Furthermore, the fact that all thefires in question were extinguished prior to the accident does not give rise to the presumption that all smoldering and/or emission of smoke had also ceased, or that all of the smoke produced by the fires had completely dissipated. Unquestionably, these facts go to the issue of causation, but on this record, that issue is for the jury.