Alabama law recognizes that a finding of an agency relationship arising out of apparent authority must be based upon the conduct of the principal and not that of the agent in the transaction at issue. Gray v. Great American ReserveInsurance Co., 495 So.2d 602 (Ala. 1986); American StandardCredit, Inc. v. National Cement Co., 643 F.2d 248 (5th Cir. 1981) (applying Alabama law); Automotive Acceptance Corp.v. Powell, 45 Ala. App. 596, 234 So.2d 593 (1970). In addition to the manifestations of authority by the principal, the injured party must reasonably believe that the agent has authority to bind the principal. Wood v. Holiday Inns, Inc.,508 F.2d 167 (5th Cir. 1975).
In this case, there were numerous manifestations of authority on the part of Johnson-Rast and Hays indicating that Smith was acting as its authorized agent. Among other things, Smith carried a business *Page 584 
card that showed that she was employed by Johnson-Rast and Hays; the plaintiffs contacted the Johnson-Rast and Hays offices by telephone and were referred to Smith; Smith maintained an office in the Johnson-Rast and Hays business offices; and Smith had her own set of keys to the Johnson-Rast and Hays offices. At their first meeting, Smith presented the plaintiffs with a Johnson-Rast and Hays business card with her name printed on it. Smith showed the plaintiffs numerous properties listed by Johnson-Rast and Hays and told the plaintiffs that she could arrange to have a house built for them in the Cedar Cove subdivision. Smith met with the plaintiffs at the Johnson-Rast and Hays offices to discuss building plans. The plaintiffs had previously read in HomesIllustrated that Johnson-Rast and Hays was the listing broker for the Cedar Cove subdivision. The contract which was executed by Smith and the plaintiffs was a form contract that had aJohnson-Rast and Hays logo at the top of the first page.
Moreover, Johnson-Rast and Hays accepted the plaintiffs' payment of $500.00 as earnest money on the transaction involving Smith and the plaintiffs. These manifestations of authority by Johnson-Rast and Hays could lead a person to reasonably believe that Smith was their authorized agent.
In Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 304
(Ala. 1986), this court stated:
 "An agent's authority to contract on behalf of his principal must be either expressed, implied, or apparent. There is no contention by [the plaintiff] that [the agent] had express authority as an agent of the corporation to contract on its behalf; therefore, such authority must be either apparent or implied.
 "Apparent authority of an agent arises from the acts of the principal, either by omission or commission, and such authority is implied where the principal passively permits the agent to have the authority to act on his behalf." (Citations omitted.)
I would hold that the evidence in this case presented a jury question on whether the plaintiffs reasonably believed that Smith was Johnson-Rast and Hays's authorized agent. Whether one is the agent of another is a question of fact. Hatton v.Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1980); Cashion v.Ahmadi, 345 So.2d 268 (Ala. 1977). Questions of apparent authority are generally questions of fact that are properly submitted to a jury for its consideration. Wood, supra, at 176 (citing System Investment Corp. v. Montview Acceptance Corp.,355 F.2d 463 (10th Cir. 1966), and other cases).
Additionally, I agree with the contention of the plaintiffs that they should have been allowed to put their case before the jury under the theory of respondeat superior. In an earlier case concerning the commission of fraud by an agent, this Court stated:
 "A corporation or employer will be liable for the torts of its employee committed while acting in the line and scope of his employment even though the corporation or employer did not authorize or ratify such acts and even if it expressly forbade them. If there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether he was acting from personal motives having no relationship to the business of the employer."
Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 305
(Ala. 1986) (citations omitted).
From the facts set out above, I believe that a jury could reasonably conclude that Smith was acting within the line and scope of her employment with Johnson-Rast and Hays when the fraudulent acts in this case were committed.
In light of the foregoing, I must respectfully dissent. *Page 585