This case involves appeals from a negligence action brought by Mae Bell Denton to recover for injuries she sustained when a bench overturned on her in the Foley Athletic Club.
On October 15, 1987 Mrs. Denton was in the locker room of the Foley Athletic Club, preparing to participate in a water aerobics class. As she undressed, Mrs. Denton sat down on one end of a bench that was behind her. The bench was unattached to the floor and tipped over on top of her, causing injury to her back. The plaintiff filed suit on October 6, 1988 against the club, its owner Rick Bourne, and its manager Marshall Myers.
At trial, the plaintiff argued that the defendants had been negligent in maintaining safe conditions in the facility. The plaintiff also introduced evidence of about $22,000 in medical bills arising from her injury. At the close of the plaintiff's evidence, the defendants moved for a directed verdict on the ground that the plaintiff was contributorily negligent as a matter of law. The motion was denied. The defendants then presented their case and did not renew the motion at the close of all the evidence. The jury rendered a verdict in favor of the plaintiff and awarded her damages of $1.00.
On November 12, 1989 the plaintiff filed a motion for new trial, based on inadequacy of damages. On December 6 the defendants filed a motion for judgment notwithstanding the verdict, or to alter, amend, or vacate the judgment. The trial court denied the motions of both parties. Both parties appeal.
The plaintiff argues that the motion for new trial should not have been denied because the jury's award of $1.00 in damages was clearly inconsistent with the verdict.
A jury verdict may be flawed where it is totally unsupported by the evidence or excludes a sum that is clearly recoverable as a matter of law. Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986). The trial court is in the best position to decide whether a verdict is so flawed, based on all the facets of trial unknown to the appellate court.Hammond. For that reason, the trial court must state, for the record, the factors considered in either granting or denying a motion for new trial, based upon the alleged inadequacy of a jury verdict. Hammond.
The record reveals that the trial court denied the plaintiff's motion for new trial without comment. Accordingly, this issue must be remanded to allow the trial court to state its reasons for denying the motion. *Page 1316 
In their appeal, the defendants first argue that the motion for directed verdict should have been granted because it was based on the plaintiff's contributory negligence as a question of law.
A question of law addressed to the court at the close of the plaintiff's evidence provides notice to the court that the legal basis of the plaintiff's case is challenged. Barnesv. Dale, 530 So.2d 770 (Ala. 1988). Ordinarily, under Rule 50, Alabama Rules of Civil Procedure, one who raises a motion for directed verdict after presenting his case must renew the motion at the close of all the evidence in order to preserve the motion for appeal. However, it is not the obligation of the moving party to provide continuous notice of a question oflaw, once that issue is properly raised and adversely ruled upon by the court. Barnes. Therefore, a motion for directed verdict which raises a question of pure law need not, in all circumstances, be renewed at the close of all evidence as a prerequisite to appellate review.Barnes.
The defendants urge that the question of the plaintiff's contributory negligence, raised on motion for directed verdict, was indeed one of pure law.
A finding of contributory negligence would require the defendants to prove that the plaintiff had knowledge of the condition that caused her injury, that she appreciated the danger of the surrounding circumstances, and that by placing herself in the way of danger she failed to use reasonable care.State Farm Mutual Auto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964).
It is well settled in Alabama that contributory negligence is an issue for the finder of fact, unless the evidence bearing on the issue is entirely free of doubt or adverse inference.Lewis v. Sears, Roebuck Co., 512 So.2d 712
(Ala. 1987); Hatton v. Chem-Haulers, Inc.,393 So.2d 950 (Ala. 1980). A jury must determine the existence of contributory negligence where there is any credible evidence to the contrary. Lewis. The standard set by bothLewis and Hatton must now be read in light of the substantial evidence rule, pursuant to § 12-21-12, Code 1975. Thus, the issue of contributory negligence now becomes one for the jury where there is evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the fact to be proved. § 12-21-12(d), Code 1975.
At trial, the evidence was disputed as to whether the plaintiff knew that the bench was unstable and likely to tip over on her. There is further dispute over whether there were adequate signs posted to warn the plaintiff about these dangers. The defendants admit that the facts concerning the exact nature of the plaintiff's fall are unclear. In short, there is virtually no uncontroverted evidence bearing on the elements of contributory negligence. The facts present, at most, mixed questions of law and fact which were properly before the jury. Therefore, the motion for directed verdict based on these facts falls under the renewal requirement of Rule 50 A.R.Civ.P.
Because the defendants failed to properly renew the motion, it was not preserved for appeal, and the trial court's denial of JNOV was not in error.
The defendants raise an alternative argument in their appellate brief. At trial, the defendants did not challenge the sufficiency of the plaintiff's evidence when they made their motion for directed verdict. They now contend that the motion should have been granted because the plaintiff's evidence was indeed insufficient to support the claim.
Technically, a party has waived his right to a directed verdict on the ground of "insufficiency" if the motion is made at the close of his opponent's case but he thereafter presents evidence in his own behalf. Barnes. One who has moved for directed verdict at the close of the opponent's case is entitled to review of the "sufficiency of evidence" issue and relief from the jury's verdict, either by JNOV or appeal, only if he moves again for a directed verdict at the close of all the evidence. Alford v. Dobbs, 477 So.2d 348
(Ala. 1985); Great Atlantic Pacific Tea Co. v. Sealy,374 So.2d 877 *Page 1317 
(Ala. 1979). It is a procedural absolute that a motion for JNOV, based on the insufficiency of the evidence, is improper if the party has not moved for a directed verdict on the same ground at the close of all the evidence. Barnes; see also
Rule 50, A.R.Civ.P.
As previously noted, the defendants failed to properly renew their motion for directed verdict at the close of all the evidence. Postjudgment JNOV relief is unavailable to them, and the issue here presented is likewise not reviewable on appeal.
The trial court's judgment denying defendant's motion for JNOV is affirmed. The trial court's order denying the plaintiff's motion for new trial is remanded for the trial court to state its reasons for the denial. The trial court shall respond within 28 days of the release of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.