STEAGALL, Justice.
On April 4,1989, Hershel Ray Brown, an employee of Gulf States Steel, Inc. (“Gulf States”), was injured when a truck driven by Doyle Smothers collided with the Gulf States railroad car on which Brown was riding. On August 18,1989, Brown and his wife, Kimberly, sued Smothers; Old South Freight Service, Inc. (“Old South”), the owner of the truck; and Neely Truck Lines, Inc. (“Neely”), purportedly the entity for which Smothers was transporting a load of steel, alleging that their wantonness and negligence had caused Brown’s injuries.[1] Relying on the affidavits of Rex Raines, the president of Old South; Ray Weldon, an agent for several carriers, including Old South and Neely; and Gwin Reed, the manager of Neely’s Gadsden terminal; as well as on the deposition of John Miller, the president and chief executive officer of Neely, the trial court entered a summary judgment for Old South on December 29,1989. That judgment was made final, pursuant to Rule 54(c), A.R.Civ.P., on February 19, 1991. The sole issue on appeal is whether there was a genuine issue of material fact regarding whose agent Smothers was acting as on the day of the accident.
Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Breen v. Baldwin County Federal Savings Bank, 567 So.2d 1329 (Ala.1990). We find that Old South did make a prima facie showing that there was no genuine issue of material fact regarding whose agent Smothers was.
The record contains a trip lease showing Neely as the lessee and Smothers as the lessor. Although Smothers signed the document as lessor, Weldon signed on behalf of the lessee. The subject of the lease was a load of steel, which was to be picked up at Gulf States’s Gadsden facility and taken to U.S. Steel Supply, Inc., in Birmingham.
With regard to the trip lease, Weldon stated in his affidavit, in part:
“Í received notification from ... Gulf States Steel that there was an intrastate load to be shipped from Gadsden to U.S. Steel in Birmingham. I contacted Doyle Virgil Smothers to carry the load involved in this accident. On April 4,1989, I executed a Standard Trip Lease with myself as the lessee and Doyle Virgil Smothers as the lessor. I executed the Standard Trip Lease on behalf of, and in the line and scope of, my employment with Neely Truck Lines, Inc. The load could not have been carried by, or on behalf of, Old South Freight Service, Inc., since it was intrastate. Old South is not authorized to carry intrastate in the State of Alabama.”
Likewise, Raines stated in his affidavit that:
“The Standard Trip Lease contains the signature of Doyle Virgil Smothers as the lessor and Ray Weldon as the lessee. On April 4, 1989, Ray Weldon acted as agent for Old South Freight Service, Inc., on interstate loads and as the agent for Neely Truck Lines, Inc., for intrastate loads. The Standard Trip Lease reflects that the shipper was Gulf States Steel in Birmingham, Alabama. At the time the accident occurred on April 4, 1989, Doyle Virgil Smothers was operating the vehicle on behalf of Neely Truck Lines, Inc., and not Old South Freight Service, Inc. It is clear from the Standard Trip Lease that the load was intrastate, and Old South Freight Service, *879 Inc., is not authorized to carry intrastate in the State of Alabama.”
Thus, it was incumbent upon the Browns to rebut Old South’s prima facie showing with substantial evidence that there was a genuine issue of material fact as to whose agent Smothers was.
The Browns argue on appeal, as they did below, that the trip lease was concocted after the fact by Weldon, and they offer Reed’s affidavit in support of that position:
“On April 4, 1989, I was the manager of Neely Truck Lines’s terminal in Gadsden, Alabama. That afternoon, I received a telephone call informing me that there had been an accident involving a truck at Republic Steel. I immediately went to Republic Steel in order to conduct an investigation.
“As part of my investigation, I talked with Doyle Smothers, the driver of the truck. I asked him if he had any documents showing that he was hauling his load on behalf of Neely Truck Lines. He had no trip lease indicating he was operating on behalf of [Neely]. Neither did he have a bingo card issued by [Neely]— a bingo card is carried by a driver as evidence of the authority of the carrier for whom he is transporting a load.
“I observed no Neely Truck Lines placards on Mr. Smothers’s truck.
“On April 4, 1989, prior to going to the Republic Steel plant, no one had contacted me about Doyle Smothers’ hauling a load for Neely Truck Lines. Doyle Smothers had not come to the terminal to pick up a bingo card or placards or to exchange copies of a trip lease agreement.”
Old South conceded in its answer to the Browns’ complaint that it owned the truck involved in the accident. Further, Neely’s president, Miller, described in his deposition what typically transpired prior to, and pursuant to, a valid trip lease:
“[The driver] would carry his vehicle to the agent. It would be bearing Old South placards as the photographs show. The vehicle would be inspected. He would provide us a log. He would certify his hours of service. A trip lease would be prepared. He would sign as lessor. We would take possession of his equipment as lessee and carrier. We would affix to his tractor placards, provide him with a bingo card to operate intrastate, and his copies of the trip lease.”
(Emphasis added.)
As Reed’s affidavit indicated, at the time of the accident, Smothers did not possess either of the documents Miller mentioned in his deposition and the truck did not have any Neely placards on it. In fact, the record discloses that Old South’s name was on the truck’s fuel tank. Finally, Miller testified that the first two Interstate Commerce Commission (“ICC”) numbers on the truck — “19”—were not Neely ICC registration numbers.
We find that the Browns did present substantial evidence of a genuine issue of material fact concerning Smothers’s agency, making the summary judgment for Old South inappropriate. Accord Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala.1980) (question of agency properly submitted to jury); Ex parte Hicks, 537 So.2d 486 (Ala.1988) (judgment for trucking company based on directed verdict reversed because question of fact existed regarding whether driver was its agent); Phillips v. J.H. Transport, Inc., 565 So.2d 66 (Ala.1990) (judgment for trucking company based on directed verdict reversed because there was evidence from which jury could conclude truck was still under long-term lease with company). The judgment in favor of Old South is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. Kimberly Brown also sued Smothers, Old South, and Neely for loss of consortium.