KENNEDY, Justice
(dissenting).
Because I believe the trial court erred in charging the jury on contributory negligence, I must respectfully dissent.
T.C. Downey was admitted to the Mobile Infirmary Medical Center (“Mobile Infirmary”) for treatment of an abdominal aneurysm. After surgery, and while in satisfactory condition, he was placed in the Surgical Intensive Care Unit (“SICU”). While in SICU, Mr. Downey fell from his bed; he died as a result of the fall. Ollie H. Downey, as the administratrix of T.C. Downey’s estate, sued Mobile Infirmary for damages for wrongful death, alleging that while Mr. Dow-ney was a patient in intensive care, Mobile Infirmary was guilty of negligence that proximately contributed to cause his injuries and death. It is undisputed that T.C. Downey was expected to fully recover from the surgery and that his death was attributable to injuries resulting from the fall'.
Following a three-day trial, the jury returned a verdict in favor of Mobile Infirmary. Ollie Downey appealed, arguing, among other things, that the trial court erred in charging the jury on contributory negligence alleged to have occurred while T.C. Downey was under the care and control of Mobile Infirmary’s SICU.
*443 The evidence did not support the charge of contributory negligence; it would have been unreasonable to infer from the evidence presented that Downey, a 74-year-old man recovering in an intensive care unit from surgery and on pain medication, could have known and appreciated that getting out of bed by himself could cause his death, and that, with such knowledge and appreciation, he failed to exercise reasonable care by trying to get out of bed. See Lewis v. Sears, Roebuck & Go., 512 So.2d 712 (Ala.1987).
There was evidence presented that it is common for patients recovering from surgery to be disoriented and evidence that Downey had become confused and disoriented on several occasions while in SICU. Although Mobile Infirmary contends that Downey was alert and oriented during most of his stay in SICU and, therefore, that he was eontribu-torily negligent in trying to get out of bed, there was evidence that it is common for disorientation following major surgery and recovery in an intensive care unit to come and go. It is common for patients, because of the disorientation, to try to get out of bed, and, to prevent this, restraints are placed on the bed. However, the employees of Mobile Infirmary did not use restraints on the day of the fall, even though they knew Downey had become disoriented while in SICU.
There was evidence that Mobile Infirmary knew that Downey should not get out of bed by himself because he was hooked to a heart catheter and intravenous blood lines. The surgery performed on Downey was such that many of the muscles used to help one stand up had been cut. There was also evidence that Mobile Infirmary employees had used the bed restraints on Downey the day before his death to prevent him from trying to get out of bed.
I note that Downey was in an intensive care unit; this fact necessarily meant that he required more care than other patients. At the time of the fall, there was one nurse assigned solely to care for Downey. Also, under Mobile Infirmary’s SICU rules, his family was not allowed to stay in SICU and watch him, but only had short visits throughout the day.
Based on the foregoing, I would hold that Mobile Infirmary failed to present substantial evidence of contributory negligence. I do not believe Downey was capable of understanding and, therefore, was not aware of, the danger of trying to get out of bed while in intensive care, on pain medication, and attached to a catheter and intravenous lines.