**JUSTICE, Plaintiff, v. JUSTICE, Defendant.**

Common Pleas Court, Erie County.

No. 27047.  Decided February 8, 1952.

254

George C. Steinemann, Sandusky, for plaintiff.
John E. Savord, Sandusky, Frank Wiedemann, Marion, for defendant.

## OPINION
By McCRYSTAL, J.

The plaintiff and defendant were married in November of 1934 and two children were born as the issue of said marriage.

On July 6, 1949, the plaintiff filed an action for alimony only and support for the minor children of said marriage. On the 31st day of October, 1949, this cause came on for hearing on the petition of the plaintiff and the answer of the defendant, and the Court ordered that the plaintiff was allowed to live separate and free from the defendant; that the plaintiff was entitled to permanent alimony and support for the two minor children, with reasonable rights of visitation to the defendant. Further, the Court ordered that the defendant pay thirty dollars per week in addition to the rent of the premises occupied by the plaintiff.

On the 19th day of September, 1950, the defendant filed a motion for an order voiding the decree of October 31st, 1949, on the ground that subsequent to the order of October 31, 1949, the plaintiff and the defendant had resumed the marital relationship and had resided together for a period of approximately four months and had been subsequently separated.

The Court and counsel have been unable to find any cases in this State which bear directly on the issue presented by defendant's motion. There seems to be some limited authority on the question in other jurisdictions, and it further appears that there is a decided difference of opinion in these reported cases.

40 A. L. R. 1227.
85 A. L. R. 420.

Rather than go into any extended discussion of the argu-

ments for or against either side of the question, the Court will briefly state the law as in its considerate opinion should apply to this case.

In view of the fact that the situation presented here is not uncommon, it is to be hoped that some Appellate Court will in the near future, review the question and render an opinion for the guidance of Courts and counsel in this state.

In an action for alimony only, where alimony is awarded to the wife, the decree remains in effect until modified or annulled, unless the language of the decree provides other means for termination. One of the grounds for a modification of such a decree is a change in the circumstances and conditions of the parties subsequent to the decree. One of the circumstances would be a bona fide reconciliation of the parties and resumption of normal marital relations.

This Court is of the opinion that a reconciliation or continued cohabitation will not in and of itself abrogate or nullify the separate decree. Such decree could only be nullified by a court upon reasonable application of both parties for a consent order, or upon application of one party and a finding by the Court that the reconciliation or continued cohabitation was such a change of circumstances that would warrant voiding the decree.

The declared policy of the law is to encourage a reconciliation and courts should be ever cautious lest their orders or decrees hinder or discourage it. However, when the parties honestly desire to inquire if a reconciliation is possible, they should not be forced at the outset of their attempt to abandon or give up their established rights and duties under the separation decree and as a result attempt the reconciliation at their peril. It is the opinion of this Court that such a rule of law, would tend to discourage rather than encourage a reconciliation.

Foolish indeed, would be the woman with minor children, who would take such a gamble with her declared rights under a decree. Should such a reconciliation fail, through no serious fault of either party, that woman would then be forced to commence new proceedings for alimony and support and incur additional expense that goes with such proceeding. A rule of law which would discourage reconciliation or encourage a scheming party to attempt reconciliation solely to escape the decree of the Court, would be unwise indeed, and this Court does not feel disposed to create any such precedent. Rather, this Court feels that when there has been a resumption of marital relationship, and a subsequent separation without a modification of the former order, the former order re-

mains in effect until one of the parties upon proper application can prove to the satisfaction of the Court by competent evidence that it was the express intent of both parties to abrogate the order or that the resumption of marital relationship was under such circumstances and conditions that the Court would be warranted in finding from the evidence that a bona fide reconciliation had in fact occurred.

Applying the above law to the facts of the instant case, we find that it is admitted that the parties resumed living in the same house for a period of about four months, and that they cohabited during that period. It is also admitted that on more than one occasion the defendant requested the plaintiff to take some action with him to have the decree of October 31, 1949, vacated and set aside.

There is a dispute in the evidence as to whether or not the plaintiff made any conditions upon which the defendant could return and live in the same house with her and the children. It is the claim of the plaintiff that she did so and this was corroborated by the plaintiff's mother, who lived with the parties. The defendant denied that there was any condition attached to his return home. In any event, the parties lived together as man and wife during part of the four months' period in question and subsequently the defendant again left the home. During all of that four months' period, and up to and including the time of this hearing, the defendant has continued to make the necessary payments required under the order of October 31st, 1949, and the defendant further testified that he never considered that the former order was revoked or void by the resumption of marital relations.

Since the burden of proof is of necessity upon him, the defendant in this action, it is quite clear that the defendant has not proven an express intent of both parties at any time to void or cancel the order of October 31, 1949. The Court also finds that the evidence does not disclose that the resumption of the marital relationship was under such circumstances and conditions as would warrant a finding that a bona fide reconciliation had in fact occurred.

The motion of the defendant is therefore denied, as is the motion of the plaintiff for an allowance of attorney fees. Each at their respective costs.