BRADLEY, Judge.
This appeal is from a summary judgment.
*1094 By decree of the Court of Common Pleas, Lucas County, Ohio, Domestic Relations Division, dated April 15, 1977, husband and wife were divorced. Pursuant to the divorce decree husband was ordered to pay regular support and alimony to wife.
On May 7, 1981 the Ohio court awarded wife a lump-sum judgment against husband in the amount of $10,395 for alimony arrearage due as previously ordered.
On July 24, 1981 a complaint was filed in the Circuit Court of DeKalb County, Alabama by wife, seeking enforcement of the $10,395 Ohio judgment against husband.
To wife’s complaint husband filed an answer alleging that the Ohio court lacked jurisdiction to enter the May 7 judgment because there had been insufficient service of process to support the arrearage order.
Thereafter, in January 1982, wife filed an amendment to her complaint, seeking enforcement of the Ohio decree for alimony obligations in the increased amount of $13,-090. She also filed a motion for summary judgment.
Subsequently,'husband amended his answer to set forth several counterclaims and filed counteraffidavits to wife’s motion for summary judgment. By virtue of these pleadings husband asserted that the Alabama court should not enforce the original decree because of an oral agreement between him and wife which served as a modification of the order. In his counterclaims husband also set forth three claims against wife for damages: fraud, breach of agreement, and declaratory judgment.
On December 14, 1982 the circuit court granted wife’s motion for summary judgment and dismissed husband’s counterclaims. Husband then filed a motion for recusal of the honorable trial judge and a motion for new trial. Later, the summary judgment was set aside and the motion for recusal was denied.
On August 3, 1984 the Ohio court, the court of original jurisdiction in this cause, entered a judgment against the husband in the amount of $15,730 for past-due alimony installments. This judgment was rendered after service was properly perfected on the husband.
On September 4, 1984 wife once again amended her complaint in the Alabama court, seeking enforcement of the Ohio judgment. Thereafter, she filed another summary judgment motion.
The circuit court entered summary judgment on January 23, 1985, finding that the 1984 Ohio judgment was entitled to full faith and credit under the doctrine of comity. Accordingly, judgment was entered in favor of wife in the amount of $15,730 for alimony arrearage.
On appeal husband argues that the trial court erred in granting summary judgment to wife. He contends that summary judgment should not have been granted, as a matter of equity, because the case was pending in the Alabama courts for several years. Husband cites us to no statute, rule, or precedential authority to support his position, and we have been unable to find any cases so holding.
The rule in Alabama is that a trial court can grant a summary judgment when there is no genuine issue of material fact and, as a matter of law, the moving party is entitled to the relief sought. Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975). In determining whether the grant of summary judgment was proper, we look at the facts in a light most favorable to the nonmoving party. Wilson v. Lee, 406 So.2d 416 (Ala.Civ.App.1981).
The facts show that the judgment in the Ohio court was handed down after personal service had been perfected on the husband. He raised no defenses to the action and a default judgment was rendered against him. Moreover, he has presented no questions to the Alabama court concerning the jurisdiction of the Ohio court to render a judgment against him.
Ordinarily, a state will give a foreign judgment res judicata effect just as would the state wherein the judgment was rendered. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Before giving effect to a foreign judgment, Ala *1095 bama has decided that it may inquire into the jurisdiction of the foreign court which rendered the judgment sought to be enforced. Monarch Refrigerating Co. v. Faulk, 228 Ala. 554, 155 So. 74 (1934). Should Alabama decide, after inquiry, that the questions of jurisdiction were fully and fairly litigated and finally decided by the foreign court, it must give full faith and credit to the foreign judgment. Durfee v. Duke, supra.
In the present case the former husband has not questioned the jurisdiction of the Ohio court to render the judgment, i.e. the $15,730 judgment rendered on July 23, 1984, sought to be enforced in Alabama. Consequently, we deem the Ohio judgment to be res judicata. In this posture there is not a material issue left in dispute, and the trial court properly granted the summary judgment.
Husband says that the trial court did not rule on his counterclaims when it granted summary judgment on January 23, 1985 and he, therefore, assumes that the trial court dismissed the counterclaims. He says that if the counterclaims have been dismissed we should reverse that decision.
Husband’s counterclaims were dismissed by the trial court on December 13, 1982, and no effort was subsequently made to reinstate those counterclaims by refiling, by amendment, or otherwise. Therefore, the question before this court is whether the trial court properly dismissed the counterclaims.
Husband’s counterclaims all relate to an alleged oral agreement between husband and wife to the effect that husband would support their daughter until she married if wife would terminate further alimony payments. This alleged agreement was never reduced to writing, nor was the Ohio court asked to modify its divorce decree to reflect such an agreement. An Ohio alimony judgment is binding unless and until it is modified or set aside. Justice v. Justice, 52 Ohio Op. 255, 108 N.E.2d 874 (Ohio Ct.Com.Pl.1952).
The matters contained in the husband’s counterclaims were never presented by him to the Ohio court for action. As a matter of fact, he suffered a default to be rendered against him in the Ohio proceeding to establish the alimony arrearage due the wife.
We consider the issues raised in husband’s counterclaims to be matters that could have been and should have been presented to the Ohio court. Since husband did not do that, his counterclaims are barred by the doctrine of res judicata. C & C Products, Inc. v. Fidelity & Deposit Co., 512 F.2d 1375 (5th Cir.1975). The counterclaims were properly dismissed.
Finally, husband argues that the presiding judge of the trial court, upon proper motion, should have recused himself. A party alleging bias on the part of the trial judge has a substantial burden to show grounds therefor, and where such party does not meet this burden by legal proof, but rests merely upon allegations, nothing is presented for our review. Parsons v. Parsons, 337 So.2d 765 (Ala.Civ.App.1976). There is no evidence in the record to support the allegation of bias on the part of the trial judge.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.