This case involves post-divorce proceedings.
The parties were divorced in February 1988. Under the terms of the divorce decree, the mother was given custody of the two minor children. The father was awarded visitation rights and was ordered to make child support payments of $400 per month. Subsequently, the father petitioned to have the decree modified to lower his child support obligation. After ore tenus proceedings, the trial court found that the father has the ability to earn sufficient income and ordered him to seek employment and pay the original child support obligation of $400 monthly. The father appeals.
Although the father raises several issues for our review, we find it necessary to address only two issues. First, we must determine whether it was error for the trial judge to refuse to recuse himself from this case and, second, whether the trial court abused its discretion in ordering the amount of child support it ordered the father to pay.
 I.
The father, pro se, first contends that the trial judge was "down on me" and was not impartial in this case. He contends that the trial judge abused his discretion when he denied the father's motion for recusal.
In our review of the record, we find that the father's motion for recusal factually sets out, in the father's view, a number of times the father had been before this trial judge regarding this divorce. Nothing in the motion establishes or supports the father's accusations of prejudice or bias. Absent substantial evidence to support such accusations, the judge is not required to recuse himself. Banks v. Corte, 521 So.2d 960 (Ala. 1988). Adverse rulings by themselves are not sufficient to establish bias or prejudice. Id.
We have reviewed this issue previously in divorce proceedings and determined that the party alleging bias has a substantial burden. Wynn v. Wynn, 484 So.2d 1093 (Ala.Civ.App. 1986). Where the party does not meet this burden by legal proof and rests merely upon allegations, nothing is presented for our review. Id. Our examination of the record does not support the father's contention that the trial judge should have recused himself. *Page 1125 
 II.
The father next argues that the trial court abused its discretion in ordering him to pay the amount of child support it ordered. He contends that he cannot find suitable employment, that he has no income, and that he lacks the ability to pay the ordered support.
At the outset, we note our limited review in cases where the evidence is placed before the trial court ore tenus. The judgment is presumed correct and will be affirmed unless it is shown to be palpably wrong. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988). Child support is a matter that is discretionary with the trial court. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). Factors the trial court may consider in awarding child support include the needs of the child and the ability of the noncustodial parent to pay. Id.
Further, we have determined that it is the party's ability to earn and pay the support award that is considered, as opposed to the party's actual income. Lones v. Lones, 542 So.2d 1244
(Ala.Civ.App. 1989).
By his own testimony, the father provided evidence for the trial court's consideration that he has the ability to earn approximately $24,000 annually. Additionally, the father testified that he has a master's degree, resides with his parents and therefore has reduced living expenses, and has no impediment to maintaining income-producing employment other than that he cannot find the type of work he desires.
We pretermit detailing any further the facts before the trial court. Suffice it to say that we have carefully and thoroughly reviewed the record, and we find that there is ample evidence therein to support the judgment of the trial court. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.