L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in June 1989. The judgment of divorce, ratifying a separation agreement of the parties, awarded the wife permanent custody of the parties’ two minor children. The husband agreed to pay $350 per month, per child, in child support. He also agreed to pay $200 per month in alimony for a period of 24 months. The agreement provided for the sale of the marital residence with the proceeds to be used to eliminate the majority of the marital debt. It provided, however, that if the marital residence were not sold as of the date of the entry of the final judgment, the wife would waive all alimony and child support, except for $200. The parties agreed that the waived amount would be utilized to reduce the marital debt. Pending the sale of the residence, the agreement allowed for the parties’ minor son to reside with the father in the marital residence.
In December 1989 the wife filed a petition for modification alleging a significant change in circumstances since the entry of the final judgment. Among other things, she requested immediate custody of the minor son and that the trial court enter an *88 order directing that if the marital residence were not sold within a specified period of time it would be sold at public auction. She requested any other relief that the court might deem appropriate.
Following the taking of oral evidence, the court awarded immediate custody of the minor son to the wife. It ordered the husband to pay $829.28 per month in child support and $200 per month for 60 months in alimony. The court found that the husband had not reduced the marital debt as agreed. It found that the husband had instead converted the waived support and alimony to his personal use. The court ordered that the husband pay to the wife $9,100 for such conversion. The parties stipulated that if the marital residence were not sold within 90 days it would be sold at public auction. The husband appeals.
Initially the husband asserts that the trial court abused its discretion in ordering the increase in child support and alimony. He contends that the increases were made without a specific request and that the evidence did not furnish the necessary prerequisite of “change in circumstances since the prior decree.”
The original judgment provided that pending the sale of the residence the daughter of the parties would reside with the wife and the son would reside with the husband. Pursuant to this modified arrangement the husband would pay $200 per month in child support for the daughter. Shortly after the final judgment of divorce was entered, however, the son moved in with the wife and remained with the wife until the petition for modification was filed. The record reflects that the wife worked three jobs to meet expenses. Due to the wife’s physical exhaustion, her doctor recommended that she reduce her stringent workload. The wife testified that she was unable to support both children on $200 per month. At the time of the hearing, the husband was earning $50,200 annually.
We find that there has been a change in circumstances since the parties entered into the original agreement. Contrary to the agreement, the wife was forced, with a reduced income, to support both children on $200 per month. The modified order gave her immediate custody of the son. The record further revealed that the husband allowed the residence to deteriorate to such a state that it was made unattractive to potential buyers. The wife could no longer rely on the anticipatory sale of the residence to enhance her financial ability in order to support herself and the children. She was in need of immediate relief.
The alimony and child support modifications of which the husband complains are matters that rest within the trial court’s sound discretion and will not be disturbed on appeal absent an abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). After a review of the record we are not persuaded that the trial court abused its discretion, as there is ample evidence to support its modification.
The husband next complains that the trial court erred in allowing testimony into evidence concerning his current wife’s income. He asserts that since the advent •of Rule 32, Alabama Rules of Judicial Administration, the current wife’s income is no longer relevant in the determination of child support. The husband’s complaint is unfounded in that the record fails to reflect that the trial court utilized the current wife’s income in reaching its child support determination.
The husband finally asserts that the trial court erred in awarding to the wife $9,100. He contends that the evidence does not support such an award. Concerning this issue the trial court found the following:
“Sharon Marie McGinnis waived child support and alimony, during the period June, 1989 through July, 1990, totaling nine thousand one hundred and no/100 ($9,100.00) dollars, for the purpose of reducing family debt. That Gerald Glenn McGinnis converted those sums to his personal use and did not reduce the family debt.”
The record supports the trial court’s findings. We consider the restoration of the *89 waived child support and alimony to be an equitable result. The trial court did not abuse its discretion in making such an award.
This case is affirmed.
We recognize that the husband has incurred considerable liabilities as a result of this decree, but we also recognize that the wife is without the resources to pay her attorney’s fee. Therefore, the wife is awarded an attorney’s fee in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.