Hugh Wall and Diane Wall were divorced on December 14, 1990. The parties had one child, a son, who was approximately nine years old at the time of the divorce. Pursuant to an agreement between the parties, the trial court entered a judgment of divorce which provided, in part, that the husband make child support payments of $285 per month; that the husband pay $160 per month to the wife for the minor child's medical insurance; that the husband pay for the minor child's school tuition ($58 per month at the date of the judgment of divorce), fees, and books for private or public education; that the husband maintain a $100,000 life insurance policy with the minor child named as irrevocable beneficiary; and that the husband pay the wife $215 per month in periodic alimony for life, or until the wife cohabitates or remarries.
On February 26, 1992, the husband filed a petition to modify support payments in which he alleged that a material change in circumstances had occurred since the judgment of divorce. Specifically, the husband claimed that his employment earnings had severely decreased. *Page 1108 
In response, the wife filed an answer, a motion for rule nisi, and a motion to enforce the divorce decree on March 19, 1992. In her answer, the wife claimed that the husband had not suffered a material change in circumstances but had just refused to obtain salaried employment. The wife also claimed that the husband was a licensed pilot and in the past had made a substantial income. In her motion for rule nisi and motion to enforce the divorce decree, the wife claimed that the husband was in arrears for child support payments, medical insurance premiums, alimony, and tuition for the minor child in the total amount of $32,777. The wife also requested monthly proof that the husband was maintaining a $100,000 life insurance policy with the minor child as irrevocable beneficiary as provided pursuant to the judgment of divorce.
The trial court conducted an ore tenus proceeding, after which it entered an order that denied the husband's petition for modification of support payments; that awarded the wife a judgment for $32,022 against the husband; that ordered the husband to conform to the judgment of divorce provisions relating to life insurance; and that required the husband to pay the wife $1,000 on the aforementioned arrearage within 30 days of the order.
The husband appeals only the trial court's denial of his petition to modify the support payments and argues that the trial court abused its discretion in refusing to grant his petition.
Initially, we note that alimony and child support modifications are matters that rest within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. McGinnis v. McGinnis, 585 So.2d 87
(Ala.Civ.App. 1991). This court has held that "[w]hen, as in this case, the decree fixing the amount of support is based on an agreement between the parties, the decree should not be modified except for clear and sufficient reasons and after thorough consideration and investigation." Tucker v. Tucker,588 So.2d 495, 497 (Ala.Civ.App. 1991). The burden is upon the party seeking the modification to show those reasons why a material change in circumstances has occurred. Trammell v.Trammell, 589 So.2d 743 (Ala.Civ.App. 1991).
The husband testified that he was 59 years old; that he is currently employed as a salesman for Heritage Imports; that he currently draws $300 per week; that he does not earn a salary but takes a weekly draw off of commissions on sales; and that he was approximately $3,300 in arrears to his employer, because his commissions were not sufficient to cover his weekly draws. The husband also testified that he has a pilot's license and was previously employed in the aeronautical field, but that he cannot currently fly commercially because he has not received his yearly physical examination.
The wife testified that the husband has paid her only approximately $2,500 since the date of the judgment of divorce; that the husband was in arrears on child support and alimony in the amount of $8,345; that she made payments on the lease of an automobile that the husband was ordered to pay, in the amount of $2,620; that she satisfied the note on the automobile that the husband was ordered to satisfy, in the amount of $7,145; that she paid a bill from First Atlanta Visa that the husband was ordered to pay, in the amount of $3,912; that, as provided under the terms of the judgment of divorce, she should receive 10% interest for the husband's debts that she satisfied, in the amount of $767. The wife also testified that she earns $16,500 annually.
As previously noted, the husband testified that his pilot's license was not currently valid because he had not completed the mandatory yearly physical examination. The husband also testified that he was unaware of any medical problems that would prevent him from renewing his pilot's license. The record indicates that the husband has the ability to obtain a physical examination and seek higher paying employment utilizing his pilot's license.
In Tackett v. Jones, 575 So.2d 1123 (Ala.Civ.App. 1990), the father contended that he could not find suitable employment; that *Page 1109 
he had no income; and that he lacked the ability to pay the court-ordered support. This court affirmed the judgment of the trial court, which had refused to modify the father's support obligation. We held that it is the party's ability to earn and pay the support award that is considered, as opposed to the party's actual income. Tackett.
The record clearly reflects that the husband has the ability to earn a sufficient income to pay the obligations that he agreed to pay in the divorce settlement; therefore, we cannot hold that the trial court committed an abuse of discretion in denying the husband's petition to modify.
The trial court's judgment is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.