McMILLAN, Judge.
The appellant, Hilton Holland, was found guilty of direct contempt of court. The trial court sentenced him to serve two days in the county jail and ordered him to pay a fine of $300. The court subsequently issued a written order, which included the following findings:
“1. On March 6, 2000, during the trial of Benny Nance, Morgan County Circuit Court Criminal Division CC 1999-7111, a disturbance arose which required ... all of the persons not involved with the trial, or officers of the Court, to be removed.' [Holland], a *604 spectator to the trial, was present in the gallery of the courtroom.
“2. In an attempt to restore order, control and security to the courtroom, the Court clearly and articulately ordered and instructed that everyone not connected with the .case, nor officers of the Court, ... be removed.
“3. As the deputies ... escorted the people seated in the gallery out of the presence of the Court, [the appellant] stated in clear words before exiting the courtroom disparaging remarks about the integrity and respect of this judicial tribunal.
“4. The aforementioned conduct of the contemnor took place in direct view and in the presence of [this judge] and in disregard to the Court’s lawful commands.
“5. Later on that same day, the con-temnor was brought forth and confessed to the Court that he had stated disparaging remarks about the integrity and respect of this judicial tribunal.
“6. The conduct of the contemnor was not only disruptive in and of itself but it added to the confusion which had already gripped the courtroom, thereby increasing the risk of harm to everyone present. The contemnor’s insolent misbehavior also offended the decorum of the courtroom and impaired the respect both necessary and due to this tribunal at such a critical time. The contemnor’s disrespect, contempt, and insolent behavior in court was obstructive to the administration of justice and must be punished summarily in order that other members of the general public do not perceive a license to engage in such conduct. It was the respect given to the lawful orders of this Court by others present that prevented chaos from erupting during this incident.”
I.
Holland contends that the finding of contempt and the resulting sentence are contrary to the evidence and constitute an abuse of discretion. Specifically, he argues that the judge was disturbed by spectators’ applause, rather than by his comment, and that the comment was made as he was leaving the courtroom pursuant to the judge’s order. He also argues that a “mere reference to ... [racial] injustice” does not constitute behavior that warrants incarceration. In addition, he argues that the court’s written findings misstate or distort the evidence.
The trial court may punish summarily for a direct contempt because the personal knowledge of the trial judge, in whose presence the contemptuous conduct occurred, substitutes for evidence. Graham v. State, 427 So.2d 998 (Ala.Crim.App.1983). “The scope of review on the issue of contempt ‘is limited to questions of law and, if there is any evidence to support its finding, the judgment of the trial court will not be disturbed.’ ” Id. at 1006, citing Murphy v. Murphy, 395 So.2d 1047, 1049 (Ala.Civ.App.1981). Here, the transcript of the contempt hearing reflects the following exchange between the trial court and the appellant:
“THE COURT: Mr. Holland, you were here in court earlier today and I don’t know if you were part of the group who participated in the spontaneous applause during the arguments of motions but I felt compelled, and I don’t know if you were here earlier, this is Monday, if you were here last week earlier in the trial or not, but I had warned everybody who was sitting and observing the trial [that] any further outbursts would cause me to clear the courtroom. I made that warning twice. I was clearing the courtroom and I personally observed you say *605 words to the effect that this court is like Alabama Selma court in the [1960’s.].”
“[THE APPELLANT]: Yes, sir.
“THE COURT: And I find that to be disrespectful, contemptuous and insolent behavior in court....”
The transcript clearly is sufficient to support the findings of the trial court in the present case.
II.
Holland also contends that the finding of contempt and the sentence are contrary to Alabama Statutory Law and case-law and constitute an abuse of discretion. Specifically, he argues that his behavior did not “disturb the court’s business,” as required for criminal contempt under Rule 33.1(b)(1), Ala.R.Crim.P., because, he says, the disturbance was caused not by him, but by the spectators’ applause and the court’s evicting the spectators. He also argues that the court did not give him an opportunity to present evidence of excusing or mitigating circumstances, as required by Rule 33.2(b), Ala.R.Crim.P. In addition, he argues that the hearing should have been conducted by another judge, as provided in Rule 33.5, Ala.R.Crim.P., because, he says, the order to clear the court room was integrated with the alleged contempt, the judgment interpreted, and his comment as a personal attack. He argues that the fact that the fine imposed by the court exceeded the statutory limit evidenced a motive of retaliation on the judge’s part. Finally, he argues that his comment was not as egregious as a comment not found to be contemptuous in Hawthorne v. State, 611 So.2d 436 (Ala.Crim.App.1992).
Rule 33.1(b)(1), Ala.R.Crim.P., states, in pertinent part, that “direct contempt” is “disorderly or insolent behavior or other misconduct committed in open court ... that disturbs the court’s business.... ” Here, according to the transcript, the trial judge was engaged in clearing the courtroom when Holland made his comment. That comment clearly disturbed the business of maintaining order.
The transcript also reflects that, after Holland’s comment, the trial judge conducted a separate hearing at which Holland was given a “reasonable opportunity” to present evidence or argument. Rule 33.2(b) does not require the court to inquire as to excusing or mitigating circumstances. With regard to Rule 33.5, the judge was not required to disqualify himself because Holland’s comment was not a personal attack on his character but was instead a disparagement of his action in clearing, and his authority to clear, the courtroom. The judge did not contribute to or become involved in the appellant’s contempt simply by maintaining order.
Finally, with regard to the comment in Hawthorne v. State, supra, although the comment itself may have been more “egregious,” the only court business that was disturbed was the court’s work on a jury charge during closing argument. This court held that the comment was an “insufficient interruption, disturbance, or hindrance” to the proceedings to constitute direct criminal contempt of court. 611 So.2d at 438. Here, however, the comment was not only “disruptive in and of itself,” but it also “added to the confusion which had already gripped the courtroom, thereby increasing the risk of harm to everyone present.” Holland’s comment, therefore, sufficiently interrupted the court’s proceedings to support a finding of direct contempt.
III.
The State asks this court to remand Holland’s case for correction of the fine imposed by the trial court. Section 12-11-30(5), Ala.Code 1975, states that the *606 circuit court may punish contempt by imposing fines “not exceeding one hundred dollars.” The $300 fine imposed by the trial court exceeds the amount authorized by the statute.
This cause is due to be, and it is hereby, remanded to the circuit court for the imposition of a fine not exceeding $100. A return should be filed with this court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.