IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 26, 2016

## CINDY HATFIELD, ET AL. v. ALLENBROOKE NURSING AND REHABILITATION CENTER, LLC, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-004249-10  Donna M. Fields, Judge**
————————————————————————

**No. W2016-01510-COA-T10B-CV – Filed August 25, 2016**
————————————————————————

This is an interlocutory appeal as of right from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal appeal *de novo* as required by Tennessee Supreme Court Rule 10B, § 2.06, we affirm the denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right/Tenn. Sup. Ct. R. 10B; Judgment of the Circuit Court Affirmed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Craig C. Conley and Michael T. Goodin, Memphis, Tennessee, for the appellant(s), Norbert Bennett, D & N, LLC, Donald Denz, and DTD HC, LLC.

Carey Lynn Acerra, Deena K. Arnold, and Cameron C. Jehl, Memphis Tennessee, for the appellee, Cindy Hatfield.

### OPINION

I. FACTS AND PROCEDURAL HISTORY[1]

This appeal arises out of a suit filed on August 26, 2010, asserting numerous causes of action to recover for injuries allegedly sustained by Martha Jane Pierce while she was a resident of Allenbrooke Nursing and Rehabilitation Center ("Allenbrooke").  In addition to

---

[1] The factual and procedural history is taken from the Statement of Facts and Procedural History, which is included in both the Petition for Recusal Appeal and the Response to the petition, as well as the exhibits filed with each document.

Allenbrooke, defendants include Aurora Cares, LLC ("Aurora"); DTD HC, LLC ("DTD"); D&N, LLC ("D&N"); Donald Denz; and Norbert Bennett. On October 11, 2010, Mr. Denz, Mr. Bennett, DTD, and D&N moved to dismiss the complaint for lack of personal jurisdiction. Numerous motions and hearings, change in counsel, transfer from Division V to Division VII of the Circuit Court, trial settings and continuances ensued; for reasons not apparent from the record before us the motion to dismiss was not heard until July 10, 2015. The motion was denied and a motion to alter or amend the order was filed on July 24, 2015. On September 22, 2015 an order was entered reciting that the trial, which had been set for August 17, 2015, was continued to May 31, 2016.

The motion to alter or amend which had been filed on July 24, 2015, was heard on April 21, 2016; again, no reason for the delay in having the motion heard is apparent from the record before us. On May 10, 2016 the court entered an order denying the motion, as well as denying Defendants' motion for an interlocutory appeal pursuant to Tenn. R. App. P. 9.[2] On May 13, Defendants filed an application for interlocutory appeal pursuant to Tenn. R. App. P. 10, and on June 24, this court denied the application.[3] Also on June 24, the trial court entered an order on Defendants' motion continuing the May 31 trial date to July 18.[4]

On July 8, 2016 Defendants filed the Motion for Recusal, which was heard on July 18; on that date the court entered an order denying the motion. Defendants filed the instant petition on July 26. Pursuant to an order of this court, Plaintiff filed a response to the petition on August 9, to which Defendants have replied. Having reviewed the record before us, we have determined that no argument is necessary. *See* Tenn. Sup. Ct. R. 10B § 2.06.

## II. ANALYSIS

Appeals from orders denying motions to recuse are governed by Tenn. S. Ct. R. 10B. Pursuant to Tenn. S. Ct. R. 10B § 2.01, parties are entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The only issue this court may consider in an appeal under Tenn. S. Ct. R. 10B is whether the trial court

---

[2] In the order denying the motion to alter or amend the court held that:

> Defendants have sufficient contacts with the State of Tennessee to be subject to the Court's specific personal jurisdiction. . . .[T]hese defendants have waived the defense of lack of subject matter jurisdiction and submitted to the Court's jurisdiction when Defendants sought affirmative relief from the Court in the form of the above listed motions and orders.

[3] On July 15, 2016 the Supreme Court denied Defendants' Tenn. R. App. P. 10 application for extraordinary appeal of the ruling denying the motion to alter or amend.

[4] The motion had originally been filed on May 4, heard on May 10, and denied; the order recites that, after the May 10 hearing, defense counsel "re-addressed the Court regarding the continuance" and the Court granted the motion. Trial was reset for July 18 by agreement of the parties.

erred in denying the motion for recusal; we cannot review the correctness of the trial court's other decisions regarding the merits of the case. *See* Tenn. R. Sup. Ct. R. 10B; *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). We review the trial court's denial of the motion for recusal under a *de novo* standard of review. Tenn. S. Ct. R. 10B § 2.06.

As grounds for the recusal, Defendants contend that the trial court "has made numerous comments that indicate that the trial court has preconceived perceptions regarding Defendants based on litigation completely unrelated to this case and has prejudged the issue of personal jurisdiction" over them.[5] In support of their contention, Defendants cite statements made by the court in the course of hearings on April 7, October 27, and December 4, 2014, July 10, 2015, April 6 and 21, and July 18, 2016.

As we consider this issue, we follow the standard set forth in *Alley v. State*:

While the words "bias" and "prejudice" are central to the determination of whether a recusal should be granted, neither term is defined in Tennessee case law as it relates to the issue of recusal. Generally the terms refer to a state of

---

[5] As respects the various defendants, the complaint alleged the following:

- Allenbrooke is owned by Allenbrooke , LLC, a domestic limited liability company.
- Aurora is a foreign limited liability company engaged in business in Tennessee and that "the causes of action made the basis of this suit arise out of such business conducted by said defendant in the ownership, operation, management, and/or control" of Allenbrooke.
- DTD is a foreign for-profit limited liability company engaged in business in Tennessee and "responsible for maintaining the finance department . . . for Allenbrooke."
- D&N is a foreign for-profit limited liability company engaged in business in Tennessee and is "responsible for providing continuous oversight regarding the direct care, contract negotiations, purchasing, capital improvements, employee and resident safety and human resources" for Allenbrooke.
- Mr. Denz "is the sole member of DTD HC, LLC, and Chief Executive Officer and Chief Financial Officer of Aurora Cares, LLC, that at all times material to this lawsuit was engaged in business in Tennessee individually and as an officer and/or member of DTD HC, LLC, and Aurora Cares, LLC, and as officer and/or member of Allenbrooke Nursing and Rehabilitation" and was responsible for maintaining the finance department . . . for Allenbrooke . . . and controlled the financial operations of Aurora Cares, LLC, Allenbrooke Nursing and Rehabilitation Center, and DTD HC, LLC."
- Mr. Bennett "is the sole member of D&N, LLC, and Chief Executive Officer of Aurora Cares, LLC, that at all times material to this lawsuit was engaged in business in Tennessee individually and as an officer and/or member of D&N, LLC, and Aurora Cares, LLC, and as officer and/or member of Allenbrooke Nursing and Rehabilitation" and was "responsible for maintaining daily contact with facilities and frequent on-site visits, providing continuous oversite of the operations of the facility of Allenbrooke . . . and controlled the financial operations of Aurora Cares, LLC, Allenbrooke Nursing and Rehabilitation Center, and D&N, LLC."

mind or attitude that works to predispose a judge for or against a party. 46 Am.Jur.2d "Judges" § 167 (1969). . . .

. . . Not every bias, partiality, or prejudice merits recusal. To disqualify, prejudice must be of a personal character, directed at the litigant, "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from ... participation in the case." [*State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 697 (Mo. App. 1990)]*; see also United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Houston v. State,* 565 So.2d 277 (Ala. Crim. App. 1990).

. . . If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge. *Jack Farenbaugh and Son v. Belmont Const. Inc.,* 240 Cal.Rptr. 78, 82, 194 Cal.App. 3d 1023, 1032 (1987). . . .

Adverse rulings by a trial court are not usually sufficient grounds to establish bias. *State v. Jimmy D. Dillingham,* No. 03C01-9110-CR-319, 1993 WL 22155 (Tenn. Crim. App., Knoxville, Feb. 3, 1993). Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification. *Riva Ridge Apartments v. Robert G. Fisher Co.,* 745 P.2d 1034, 1037 (Colo. App. 1987). *See also Tackett v. Jones,* 575 So.2d 1123 (Ala. Civ. App. 1990); *Band v. Livonia Associates,* 176 Mich. App. 95, 439 N.W.2d 285 (1989).

882 S.W.2d 810, 821–22 (Tenn. Crim. App. 1994).

We have reviewed each of the comments, along with transcripts of excerpts from the hearings supplied by Plaintiff as well as the comprehensive order denying the motion prepared by the trial judge. Viewed in context of each hearing, the substantive issues, and procedural posture of the case as reflected in the record before us, we cannot conclude that the trial court's comments invoke the requirement of Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee that the judge recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned . . ."

Initially, we note that the comments complained of by Defendants, other than those at the July 10, 2015 and July 18, 2016 hearings, were not made with specific reference to the issues raised in either the motion to dismiss or the motion to alter or amend; rather, the proceedings involved some aspect of the operations of Allenbrooke and its related entities, as well as the individual defendants. As to those matters, the context demonstrates that the

4

court was attempting to discern the responsibilities of the various defendants and the relationship(s) between and amongst them for purposes of discovery of evidence for use at trial. In the course of the hearings the court at times made comments, sometimes in jest; in our review we see nothing in the comments to indicate that the court had prejudged any issue or was biased against any defendant or toward plaintiff, or that the comments were anything other than the banter that is typically engaged in when motions of this type are heard.

There are no rulings or comments by the trial court in the July 10, 2015 oral ruling on the motion to dismiss which would evidence either bias or prejudgment; indeed, such a determination would be belied by the penultimate ruling:

> This case, to me, has all the indicia of two individuals who are brilliant enough to create lots and lots of layers. But there's no doubt in this Court's mind from the thousands of documents I have looked at on both sides, yes, these are or appear to be . . . companies that are created to comply with state law. That doesn't mean it's absolute in my mind.

> And I'm just not convinced that these two gentlemen are not the center of the universe when it comes to this nursing home business and the healthcare business and pharmacy business and the therapy business. It all comes back upstream to them.

> I still want to continue to read, but this Court is of the mind at this point that the entire case revolves around Mr. Denz and Mr. Bennett. And they have enough - - they have exhibited enough control of all of this by being - - as members and as individuals by being officers, by being employed by Aurora Cares with their pay from Aurora Cares coming directly from Allenbrooke and - - in the Tennessee situation - - and Quince, by setting out the bonus structure, by being the ones who even though it is non-delegable have delegated things to select - - that they would select the administrator. They would provide the policies. They would set up the bonus structure. They were co-CEOs of Aurora Cares. . . .

> . . . I'm going to deny the motion to dismiss. Some of this will be developed at trial. And I may let these individuals out at the appropriate time. I don't know. . .

While the trial court's ruling was adverse to Defendants, there is no basis for us to conclude that the court was biased; neither is there any fact or circumstance upon which the court's impartiality might reasonably be questioned.

For the foregoing reasons, we affirm the judgment of the trial court.


_____

RICHARD H. DINKINS, JUDGE