Rel: May 23, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0863

_____

### Misesu E. Knighton

### v.

### James Knighton

### Appeal from Montgomery Circuit Court
### (DR-21-900558.03)

HANSON, Judge.

This appeal arises from a June 2024 judgment entered in an action (case no. DR-21-900558.03) initially brought by James Knighton ("the father") in November 2023 in the domestic-relations division of the Montgomery Circuit Court ("the trial court") seeking to hold Misesu E.

Knighton ("the mother") in contempt. The parties, who are the parents of two minor children, Ez. K. and El. K. ("the children"), were apparently[1] divorced in September 2022 by a judgment of the trial court that awarded the parties, among other things, joint physical custody of the children on an alternating-week basis and certain property rights as to the parties' former marital home ("the residence"). The prevailing "week-on, week-off" custody arrangement as to the children seems to have remained in effect even after modification proceedings had taken place in the trial court, and the trial court appears to have issued another judgment or order in October 2023 (in case no. DR-21-900558.02) addressing certain mechanics of the eventual ultimate disposition of the residence.

The action leading to this appeal encompasses claims asserted by the father (acting pro se) in a petition filed in November 2023 (acting pro se) to the effect that (1) the mother, in contempt of the divorce judgment, had refused to sign documents that would have allowed the father to put the former marital home on the real-estate market, and (2) the mother

---

[1]The appellate record does not contain <u>any</u> of the orders or judgments entered by the trial court in the litigation involving the parties other than the final judgment in the contempt action (case no. DR-21-900558.03) and the order denying the mother's postjudgment motion filed in that case.

had contemptuously committed a number of discrete violations of the custody provisions of the divorce judgment.[2] The mother, also acting pro se, submitted an answer in which she counterclaimed for contempt sanctions against the father, averring that he had not utilized the resources of a particular bank to acquire the mother's equity in the residence as purportedly directed in the October 2023 order.

After an ore tenus proceeding, at which the father and the mother appeared pro se and gave testimony (including, as to the father's contempt claim regarding alleged custody violations, testimony regarding events occurring during the pendency of the action), the trial court entered a judgment declining to find the father in contempt, declining to find the mother in contempt as to her conduct regarding disposition of the residence (but warning the mother to cooperate "with all requirements for [its] listing and sale"), and finding the mother in contempt as to the father's claim that she infringed on the father's custodial rights; the mother was directed to pay a $500 fine within 30

---

[2]Although certain allegations in papers appended to the father's petition appear to have sought prospective changes to the parties' custodial rights, the trial court ruled from the bench that those claims were not properly before the court, and neither party has challenged that ruling on appeal.

days or be subject to arrest and incarceration. The mother, acting through counsel, filed a timely motion pursuant to Rule 59(e), Ala. R. Civ. P., challenging the trial court's judgment, which motion was denied after a hearing.

The mother appeals, stating one issue for review: whether the trial court properly held the mother in contempt when, she says, no evidence of any willful disobedience of the prevailing custody judgment on her part was adduced and, she says, the trial court instead acted out of bias against her. The father has not favored this court with an appellate brief.

In reaching its determinations regarding the parties' claims, the trial court set forth the following pertinent findings of fact in its judgment:

> "The Court finds that the [mother] violated the custody order by withholding or not otherwise allowing the [father] his custodial periods on November 19, 2023, and December 17, 2023. The [mother] made a unilateral decision to deny the [father] his custodial periods with the minor children which violated the Court's order[] and w[as] not otherwise justified. As to the … residence, the Court finds that the [father] failed to secure refinancing and/or a loan … as ordered [DR-21-900558.02] on October 6, 2023. The Court notes however that the [father] attempted to s[ell] the [residence] and pay the [mother] her equity[;] however[,] the [mother] refused to cooperate with the same."

4

The mother, in her appellate argument, asserts that the trial court's judgment finding her in contempt was erroneous because, she says, the judgment was not supported by clear and convincing evidence that she had willfully defied the trial court's custody judgment. As a component of her argument, she cites Rule 70A(a)(2)(D), Ala. R. Civ. P., and various cases that address the nature and standards of proof applicable in the context of civil contempt. We disagree, however, that those authorities properly govern our appellate review. As the mother concedes, <u>civil</u> contempt is, by definition, a "willful, continuing failure or refusal of any person to comply with a court's lawful writ, subpoena, process, order, rule, or command <u>that by its nature is still capable of being complied with</u>." Rule 70A(a)(2)(D), Ala. R. Civ. P. (emphasis added). In contrast, under Rule 70A(a)(2)(C)(ii), "[w]illful disobedience or resistance … to a court's lawful … order" that gives rise to a contempt finding whose "dominant purpose …  is to punish the contemnor" (as by means of levying a fine, such as the unconditional $500 fine imposed by the trial court in this case) constitutes a species of <u>criminal</u> contempt. <u>See also</u> <u>Lester v. Lester</u>, 378 So. 3d 555, 565 (Ala. Civ. App. 2022) (citing <u>International Union, UMWA v. Bagwell</u>, 512 U.S. 821, 829 (1994), for the

5

proposition that a flat fine judicially imposed without conditions and without affording the contemnor an alternate means of purging the contempt constitutes a criminal sanction). The mother was found to have committed two specific past violations of the custody provisions of the divorce judgment and was directed to pay $500 within 30 days or suffer incarceration; the sanction imposed had no direct effect of coercing the mother's <u>future</u> compliance.

Because the trial court's judgment, properly construed, found the mother in criminal contempt, we must ascertain "'"'whether the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty, and that such evidence is inconsistent with any reasonable hypothesis of … innocence.'"'" <u>Shook v. Shook</u>, 385 So. 3d 65, 86 (Ala. Civ. App. 2023) (quoting <u>Ex parte Ferguson</u>, 819 So. 2d 626, 629 (Ala. 2001)). According to the trial transcript, the father testified (without objection) that the mother had a history of repeatedly failing to timely deliver the children to him for his custodial periods, and he identified two specific instances when he had been entitled to exercise custody under the trial court's judgment but when the mother, he stated, had completely failed to bring

the children to him: once between November 19-23, 2023, preceding the Thanksgiving holiday (November 23, 2023), and once between December 17-20, 2023, preceding the Christmas holiday (December 25, 2023). Although, as we have noted, only the trial court's judgment and order denying the mother's postjudgment motion appear in the appellate record, counsel for the mother included, in the mother's postjudgment motion, a purported excerpt from the divorce judgment pertaining to each party's right to have the children for "special family events" after providing advance written notice, which right was subject to the proviso that "no such periods shall, without the other parent's prior consent, interfere with nor deprive a parent of his or her holiday … periods with the child(ren)" and that expressly listed Thanksgiving and Christmas as examples of such holidays.

The mother admitted in her testimony at trial that she had notified the father on October 25, 2023, that she "would be taking the children with [her] up to Minnesota for Thanksgiving" on November 19, 2023, which fell during the father's allocated time with the children; she also admitted that the father had refused to give his consent when he had been notified of the mother's plan. The mother further admitted that

7

Thanksgiving "was not a special event" under the custody provisions of the divorce judgment and that she had not offered the father any alternate time with the children in exchange for her extra custodial days resulting from her transportation of the children to visit with her relatives in Minnesota. As to the second contempt finding, pertaining to custody during the Christmas season of 2023, the mother admitted that she had, in response to a text message from the father on December 17, 2023, stated to the father "you don't get them until the 20th," which was contrary to the alternating-week provisions of the custody judgment, and the father testified that the mother additionally had failed to report to the appointed child-exchange location on December 20, 2023, at 9:00 a.m., the time apparently designated in the custody judgment for holiday exchanges. The mother offered no justification in her trial testimony with regard to that withholding of custody that might arguably have been consistent with the custody provisions in the trial court's order.

The mother argues that the evidence presented, including that here summarized, did not warrant a conclusion that the mother acted in bad faith or intentionally with respect to the two denials of custodial time. However, the evidence before the trial court gave rise to permissible

8

inferences that the mother had engaged in a pattern of violating the provisions of the divorce judgment as to custody even before the two instances at issue in this appeal, and the trial court could properly have concluded that her testimony offered no plausible defensive hypothesis of innocence sufficient to warrant a finding in her favor. See Shook, supra, 385 So. 3d at 86; Marler v. Lambrianakos, 371 So. 3d 287, 310 (Ala. Civ. App. 2022) (affirming criminal-contempt judgment as to denial of visitation and referencing finding of contemnor's "ongoing pattern of interference with and attempts to obstruct [that] visitation"). Neither are we convinced by the mother's argument that the trial court's judgment in favor of the father on the mother's contempt counterclaim as to the father's alleged contemptuous failure to utilize a particular bank to refinance or obtain a mortgage loan as a means of providing the mother with her equity in the residence constitutes an indication of bias against the mother -- not only are "[a]dverse rulings by themselves … not sufficient to establish bias or prejudice," Tackett v. Jones, 575 So. 2d 1123, 1124 (Ala. Civ. App. 1990), but also the father adduced evidence both that he had explored multiple means of satisfying the mother's right to receive her equity and that the bank identified in the trial court's

October 2023 order as a potential source of refinancing or loan funds could not have disbursed funds within the specified 30 days because of credit-evaluation and land-valuation considerations.

Although we conclude that the judgment of the trial court is due to be affirmed as to the findings of criminal contempt, this court, ex mero motu, notes the absence of the trial court's subject-matter jurisdiction to impose a sentence consisting of a monetary sanction of $500. See Shook, 385 So. 3d at 89 (noting that, pursuant to Ala. Code 1975, § 12-11-30(5), sanctions for criminal contempt are limited by statute to a maximum fine of $100 and imprisonment not to exceed 5 days, and observing that "[t]he imposition of a sentence concerns subject-matter jurisdiction" that "'may not be waived by the parties'"(quoting Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983))). The maximum fine that could properly have been imposed in this case was $200, or $100 per instance of contempt found; thus, to that extent only, we vacate the judgment of the trial court and remand the cause with instructions to the trial court to direct the mother to pay a fine within the limits specified in § 12-11-30(5). Accord Holland v. State, 800 So. 2d 602, 605-06 (Ala. Crim. App. 2002) (remanding cause for correction of excessive contempt fine).

JUDGMENT VACATED IN PART; AFFIRMED IN PART; AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, J., concur.